℘JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kamlesh Banga

**DEFENDANTS**
Cal State 9 Credit Union and Equifax Information Services, LLC.

(b) County of Residence of First Listed Plaintiff **Solano**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **California**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kamlesh Banga, In Pro se, (707) 342-1692

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury |  | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other |  | ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  | Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1681, et seq.
Brief description of cause:
Defendants violated FCRA as to plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
06/18/2008

SIGNATURE OF ATTORNEY OF RECORD
Kamlesh Banga    Kamlesh Banga

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SF / Oak    San Jose

Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591
(707)342-1692

FILED

JUN 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

               Plaintiff,

       vs.

CAL STATE 9 CREDIT UNION; EQUIFAX
INFORMATION SERVICES, LLC, and
Does 1 through 10 inclusive,

           Defendants

CASE NO.:
Complaint Filed:

COMPLAINT

ADR

C08-03015

JURY TRIAL DEMANDED

## INTRODUCTION

1.    This case involves the rights under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u (hereinafter "FCRA"); Cal. Bus.& Prof. Code § 17200 et. seq.; and California Civil Codes § 1785.26(b)(c) of a person claiming to be damaged by the disclosure of false, derogatory, and inaccurate credit information to the consumer reporting agencies. This action also arises from defendant Cal State 9 Credit Union's willful procurement of plaintiff's credit report information from Equifax and Experian. This action also arises from defendant Equifax Information Services' (hereinafter "Equifax") willful distribution of plaintiff's credit report information to Cal State 9 Credit Union (hereinafter "Credit Union").

COMPLAINT

1

## JURISDICTION AND VENUE

1.     The Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Jurisdiction over plaintiff's supplemental State law cause of action exists under 28 U.S.C. § 1367. Venue lies in the Northern District of California as plaintiff's claims arose from acts of the Defendants' perpetrated therein.

## TRIAL BY JURY

2.     Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

3.     Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against defendants under federal and state laws.

## PRELIMINARY STATEMENT

4.     This is an action for damages arising from Credit Union's failure to comply with the terms of the Settlement Agreement entered between the parties on August 18, 2006 in the Superior Court of Contra Costa County in the matter known as *Banga v. Cal State 9 Credit Union* ·C03·03227 – filed on December 31, 2003. On December 12, 2006, Credit Union procured plaintiff's credit report for an account review from Equifax under false pretenses.

5.     Equifax violated FCRA when it sold plaintiff's credit report to Credit Union for "account review" with whom she no longer had any account. Equifax's own data showed that plaintiff's account was closed and paid in full and unavailable to her, rendering the stated reason implausible. Possessed with information showing that the stated reason offered for purchasing plaintiff's credit report was almost assuredly not true, Equifax plowed ahead with the sale.

6.     Equifax further violated FCRA when it sold plaintiff's credit report to third party for promotional purposes. On April 14, 2003, plaintiff had placed a promotional block on her credit report which prohibited Equifax from selling her consumer report to any creditors for promotional purposes. On July 10, 2003, plaintiff

COMPLAINT

2

signed OPT OUT request for permanent exclusion of her consumer file from all preapproved credit offers. Defendant sent an agreement to plaintiff that it would protect her privacy.

## PARTIES

7.      Defendant, Credit Union is a member of NCUA, is federally chartered credit union, is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of California, is engaged in the banking business in California.

8.      Equifax Information Services, LLC., a Georgia corporation, with its principal place of business at 1600 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax is in the business of assembling and disseminating consumer credit information to third parties. As such, defendant Equifax is a "consumer reporting agency" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

9       Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 10 inclusive. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when they have been determined.

## FACTUAL BACKGROUND

10.     Plaintiff had Home Access Loan with Credit Union from December 1995 through June 1998. On June 18, 1998, plaintiff paid her loan in full and voluntarily closed her account. On December 31, 2003, plaintiff filed a lawsuit against Credit Union as follows: (1) On May 30, 1998, defendant falsely reported to Credit Reporting Agencies that plaintiff's loan was one time sixty days (60) late and two times 30 days late; and Credit Union also failed to inform plaintiff pursuant to California Civil Code Section 1785.26 (b)(c) that require a creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected; (2) On October 21, 2002, defendant impermissibly accessed plaintiff's credit report under false pretenses from Experian that it wanted to review plaintiff's existing account; and (3) On October 22, 2003, Credit Union accessed plaintiff's credit report for the second time after having been notified that impermissibly obtaining a consumer report was illegal.

COMPLAINT

3

11. On August 18, 2006, parties entered into settlement agreement; and subsequently plaintiff settled her case for all causes of action with Credit Union. By executing this Settlement Agreement, Credit Union was prohibited from obtaining plaintiff's consumer report from the credit reporting agencies.

12. In September of 2007, plaintiff discovered that on December 12, 2006, Credit Union had obtained her credit report from Equifax for an account review. On September 25, 2007, plaintiff wrote a letter to Credit Union and asked for an explanation as to why her credit report had been obtained from Equifax for account review since there was no account existed. Credit Union did not respond. On October 24, 2007, plaintiff sent another letter to Credit Union reiterating her request but to no avail. Subsequently, plaintiff sent a letter to Equifax inquiring why it had provided plaintiff's credit report for an account review to Credit Union since there was no account existed. In this letter, plaintiff also mentioned to Equifax as to why her credit report was sold to Washington Mutual for promotional purpose since her consumer file was excluded permanently for all promotional purposes but to no avail.

## FIRST CAUSE OF ACTION
### *Violations of The Fair Credit Reporting Act*
### *Violations of California Consumer Credit Reporting Act*

13. The allegations set forth in paragraphs 1 through 12 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a first cause of action as follows.

14. In the course and conduct of its business in June of 1998 defendant falsely reported to the credit reporting agencies that plaintiff's loan was one time sixty (60) days and two time thirty (30) days late. The existence of this negative information in plaintiff's consumer file caused damage to plaintiff's creditworthiness and her application for credit cards were denied by several known or unknown prospective creditors including Fleet Bank, Providian, and Juniper Bank. Credit Union's action also interfered with plaintiff's efforts of obtaining lower interest rate in purchasing a car. Consequently, plaintiff suffered a pecuniary loss resulting from these denials. Moreover, not only Credit Union provided inaccurate information to credit reporting agencies but it also charged

COMPLAINT

4

excessive interest and multiple late fees. Credit Union's furnishing of this false and defamatory information to credit reporting agencies had violated plaintiff's rights afforded to her under The Fair Credit Reporting Act (FCRA"), 15 U.S.C. § 1681, et seq. and the California Consumer Credit Reporting Act.

15. Plaintiff had valid credit expectancy on her clean credit history and her efforts to have it cleaned. Plaintiff's credit reports and credit score have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate and incomplete information had been a substantial factor in precluding plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers.

16. Credit Union repeatedly and knowingly violated plaintiff's rights afforded to her under the Fair Credit Reporting Act and the California Consumer Credit Reporting Act in that it had been failed to follow the reasonable procedures to assure the maximum possible accuracy on plaintiff's credit reports; failed to investigate dispute of debt before actually reporting unpaid balances to credit bureau as delinquent; failed to investigate dispute before trying to collect the disputed debt; and failed to notify credit reporting agency of ultimate resolution of the dispute. Any person who willfully fails to comply with any requirement imposed under FCRA with respect to any consumer is liable to that consumer. And further, pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer. Credit Union knowingly provided derogatory information to the credit reporting agencies and intentionally and willfully verified to the credit bureaus that that the reported information as valid and accurate and acted with reckless disregard of its truth

17. As a direct and proximate result of Credit Union's conduct as described above, plaintiff suffered emotional distress upon learning that it had reported inaccurate credit information to credit reporting agencies. Plaintiff is informed and believes, and based on that information and belief alleges, that each recipient of her

COMPLAINT

5

consumer report was misled by the false information contained in her consumer report and, as a result, plaintiff sustained a tremendous amount of financial loss, humiliation, mental anguish, and emotional distress.

## SECOND CAUSE OF ACTION
### *Violations of California Civil Code Section 1785.26 (b) (c)*

18.     The allegations set forth in paragraphs 1 through 17 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a second cause of action as follows:

19.     Credit Union's actions towards plaintiff were intentionally deceptive and malicious. Credit Union's actions were deceptive and malicious in that because it had failed to notify plaintiff pursuant to California Civil Code Section 1785.26 (b)(c) that requires creditor to notify consumers that negative information would be or had been reported to credit reporting agencies.

20.     As a direct foreseeable proximate result of Credit Union's conduct, plaintiff was deprived to have a good credit standing and of all the benefits that a good credit standing offered. Plaintiff is informed and believes, and based on that information and beliefs alleges, that each recipient of a plaintiff's consumer report was misled by the false information furnished by Credit Union.

## THIRD CAUSE OF ACTION
### Tortuous Interference With Credit Expectancy

21.     The allegations set forth in paragraphs 1 through 20 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a second cause of action as follows.

22.     Credit Union provided a defamatory statement to credit reporting agencies about plaintiff's creditworthiness that her loan one time sixty (60) days and two time thirty (30) days late. Credit Union's outrageous conduct was intentional and it tortuously interfered with plaintiff's credit

23.     The threshold determination in any tort case is whether the Credit Union owes the plaintiff a duty of care or not. In the instant case, Credit Union owed

COMPLAINT

6

a duty of care to plaintiff. Credit Union breached its duty by submitting a false statement to credit reporting agencies that plaintiff's loan one time sixty (60) days and two time thirty (30) late. Credit Union knew very well that the statement it had provided to credit reporting agencies was false and interference was certain to occur as a result of its action.

24. No creditor reports a delinquency in order to benefit the debtor; rather, such reports always harm the debtor's credit reputation. Plaintiff had valid credit expectancy. Plaintiff's expectancy of obtaining financing at lower rate was disrupted by Credit Union's false defamatory statement. Credit Union's actions proximately caused various card companies to reject plaintiff's credit application. Plaintiff contends that Credit Union's false statement that loan was one time sixty (60) days and two time thirty (30) late had tortuously interfered with credit expectancy.

25. As a direct foreseeable proximate result of defendant's conduct, plaintiff was deprived to have a good credit standing and of all the benefits that a good credit standing offered. In truth and in fact, defendant's false and derogatory reporting to the credit reporting agencies had tortuously interfered with her credit expectancy and had undermined her creditworthiness, credit standing, and credit capacity among relatives, friends, and in the public eye.

## FOURTH CAUSE OF ACTION
### Defamation

26. The allegations set forth in paragraphs 1 through 25 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a fourth cause of action as follows:

27. A defamatory statement is one that "impeaches a person's integrity, virtue, human decency, or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person."

28. Credit Union had furnished defamatory statement to credit reporting agencies about plaintiff that her loan was one time sixty (60) days and two time thirty (30) late. Plaintiff contends that Credit Union injured her by submitting defamatory statement to credit reporting agencies. This statement was false and it proximately

7

COMPLAINT

1 (30) late. Plaintiff contends that Credit Union injured her by submitting defamatory

2 statement to credit reporting agencies. This statement was false and it proximately

3 caused denial of credit cards from Providian, Fleet and Juniper Bank, et al. Credit

4 Union's action also interfered with plaintiff's efforts of obtaining lower interest rate in

5 purchasing a car. Consequently, plaintiff suffered a pecuniary loss resulting from

6 these denials.

7      29.    Credit Union's conduct was intentional because no creditor reports a

8 delinquency in order to benefit the debtor; rather, such reports always harm the

9 debtor's credit reputation. Credit Union's actions were the cause of injury to plaintiff's

10 reputation and creditworthiness. Credit Union intended to cause harm to plaintiff's

11 credit rating and credit worthiness and it actually harmed.

## FIFTH CAUSE OF ACTION
### WILLFUL PROCUREMENT OF CREDIT REPORT
### ON OCTOBER 21, 2002
#### *Under False Pretenses*

14      30.    The allegations set forth in paragraphs 1 through 29 are realleged and

15 incorporated herein by reference, and plaintiff is informed and believes and on that

16 basis alleges for a fifth cause of action as follows:

17      31.    Plaintiff had a promotional block placed on her consumer reports. As of June

18 22, 1998, Credit Union knew that Plaintiff's account had been closed with Credit Union. At

19 no time on or about October 21, 2002, did plaintiff provide Credit Union written or oral

20 permission to procure any information whatsoever about her.

21      32.    On or about October 21, 2002, Credit Union willfully sought and

22 obtained a consumer report on plaintiff for no permissible purpose under the Fair

23 Credit Reporting Act. As a result of Credit Union's willful procurement of Plaintiff's

24 consumer report without permissible purpose from Experian, plaintiff suffered mental

25 anguish. Credit Union's willful and wrongful procurement of plaintiff's consumer

26 report from Experian on or about October 21, 2002, constituted a violation of the Fair

27 Credit Reporting Act and California Consumer Credit Reporting Act.

      33.    Plaintiff seeks damages against Cal State 9 Credit Union for actual

28 damages including damages for emotional suffering and distress, punitive damages,

COMPLAINT

1  the costs of bringing this action; and the reasonable attorney's fees, if plaintiff retains

2  an attorney during the pendency of this action.

### SIXTH CAUSE OF ACTION
### WILLFUL PROCUREMENT OF CREDIT REPORT
### ON OCTOBER 22, 2003
#### *Under False Pretenses*

34.    The allegations set forth in paragraphs 1 through 33 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a sixth cause of action as follows.

35.    Plaintiff had a promotional block placed on her consumer reports. As of June 22, 1998, Credit Union knew that Plaintiff's account had been closed with Credit Union. At no time on or about October 22, 2003, did plaintiff provide Credit Union written or oral permission to procure any information whatsoever about her.

36.    On or about October 22, 2003, Credit Union willfully sought and obtained a consumer report on plaintiff for no permissible purpose under the Fair Credit Reporting Act. As a result of Credit Union's willful procurement of Plaintiff's consumer report without permissible purpose from Experian, plaintiff suffered mental anguish. Credit Union's willful and wrongful procurement of plaintiff's consumer report from Experian on or about October 22, 2003 constituted a violation of the Fair Credit Reporting Act and California Consumer Credit Reporting Act.

37.    Plaintiff seeks damages against Credit Union for actual damages including damages for emotional suffering and distress, punitive damages, the costs of bringing this action; and the reasonable attorney's fees, if plaintiffs retain an attorney during the pendency of this action.

### SEVENTH CAUSE OF ACTION
### WILLFUL PROCUREMENT OF CREDIT REPORT
### DECEMBER 12, 2006
#### *Under False Pretenses*

38.    The allegations set forth in paragraphs 1 through 37 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a seventh cause of action as follows.

COMPLAINT

9

39.    Plaintiff had a promotional block placed on her consumer reports. As of June 22, 1998, Credit Union knew that Plaintiff's account had been closed with Credit Union. At no time on or about December 12, 2006, did plaintiff provide Credit Union written or oral permission to procure any information whatsoever about her.

40.    On or about December 12, 2006, Credit Union willfully sought and obtained a consumer report on plaintiff from Equifax for no permissible purpose under the Fair Credit Reporting Act. As a result of Credit Union's willful procurement of plaintiffs' consumer report without permissible purpose from Equifax, Plaintiff suffered mental anguish. Credit Union's willful and wrongful procurement of plaintiff's consumer report from Equifax on or about December 12, 2006 constituted a violation of both the Fair Credit Reporting Act and the California Consumer Credit Reporting Act.

41.    Plaintiff seeks damages against Credit Union for actual damages including damages for emotional suffering and distress, punitive damages, the costs of bringing this action; and the reasonable attorney's fees, if plaintiffs retain an attorney during the pendency of this action.

EIGHTH CAUSE OF ACTION
NEGLIGENT PROCUREMENT OF CREDIT REPORT
*Under False Pretenses*

42.    The allegations set forth in paragraphs 1 through 41 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a eighth cause of action as follows:

43.    Plaintiff had a promotional block placed on her consumer reports. As of June 22, 1998, Credit Union knew that Plaintiff's account had been closed with Credit Union. At no time on or about October, 21, 2002, October 22, 2003, and December 12, 2006, did plaintiff provide Credit Union written or oral permission to procure any information whatsoever about her.

44.    Credit Union's negligently obtaining plaintiff's credit reports from Experian and Equifax on October, 21, 2002, October 22, 2003, and December 12, 2006 constituted a violation of the Fair Credit Reporting Act and the California Consumer

COMPLAINT

Credit Reporting Act.  Each time for obtaining plaintiff's consumer report, Credit Union misrepresented the purpose of its inquiry to Experian and Equifax that plaintiff's consumer report was required to review her existing account.

45.     As a result of Credit Union's negligent misrepresentations, plaintiff suffered mental anguish and she was forced to incur costs in the course of bringing this action.  Plaintiff seeks damages against Credit Union for actual damages for emotional suffering and distress, punitive damages, the costs of bringing this action and the reasonable attorney's fees, if plaintiff retains an attorney during the pendency of this action.

NINTH CAUSE OF ACTION
Unfair Business Practices Act
Disgorgement of Profits

46.     The allegations set forth in paragraphs 1 through 45 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a second cause of action as follows.

47.     Credit Union, a member of NCUA, federally chartered Credit Union is engaged in the banking business in California.  The banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence that is essential to the continued functioning of the financial institution.

48.     On June 18, 1998, Credit Union knowingly provided derogatory information to the credit reporting agencies about plaintiff's creditworthiness that her loan was one time sixty (60) days and two time thirty(30) days late. This information was inaccurate. The Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(B) imposes responsibilities of furnishers of information to consumer reporting agencies that, "A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, (ii) that specific information is inaccurate; and the information is, in fact, inaccurate. Furthermore, Credit Union acted unfairly and

11

COMPLAINT

unreasonably when it repeatedly verified to the credit reporting agencies that that the reported information as valid and accurate. Credit Union intended to cause harm to plaintiff's credit rating and credit worthiness and

it actually harmed.

49. The California Consumer Credit Reporting Act also prohibits a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Section 1785.25, subd.(a).) Credit Union knowingly provided derogatory information to the credit reporting agencies that plaintiff's loan was one time sixty (60) days and two time thirty (30) late; and thereafter, it intentionally and willfully repeatedly verified to the credit reporting agencies that that the reported information as valid and accurate and in doing so Credit Union had acted with reckless disregard of its truth.

50. Credit Union's actions towards plaintiff were intentionally deceptive and malicious because it had failed to notify plaintiff pursuant to California Civil Code Section 1785.26 (b)(c) that requires creditor to notify consumers that negative information would be or had been reported to credit reporting agencies. Violations of these statutes support a civil action for damages and other relief. (§1785.31 et seq.)

51. As described in paragraphs 30, 31, 34, 35, 38, and 39, Credit Union willfully sought and obtained plaintiff's consumer report for no permissible purpose under the Fair Credit Reporting Act. As a result of Credit Union's willful procurement of Plaintiff's consumer report without permissible purpose from Experian and Equifax, Plaintiff suffered mental anguish.

52. As a direct and proximate result of defendant's outrageous conduct, plaintiff suffered mental anguish, humiliation, and emotional distress. Credit Union's deceptive behavior had caused irreparable harm to plaintiff's creditworthiness and credit rating and its actions constitute a wanton and gross disregard for the law and evidently it is a willful non-compliance with sections 15 U.S.C. § 1681n(a)(2), et al.

53. Plaintiff is informed and believes, and based on that information and beliefs asserts that Credit Union had failed to exercise its grave responsibilities with

COMPLAINT

12

fairness, impartiality, and a respect for the consumer's rights. In truth and in fact, defendant's false and derogatory reporting to the credit reporting agencies without informing the plaintiff is an unlawful, unfair, fraudulent practice that constitutes unfair business practice under Business and Professions Code Section 17200. Credit Union's deceptive acts and fraudulent practice as described above were unlawful and unfair.

## TENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

54.    The allegations set forth in paragraphs 1 through 53 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a tenth cause of action as follows.

55.    Credit Union had furnished defamatory statement to various credit reporting agency about plaintiff that her loan was one time sixty (60) days and two time thirty (30) late. Defamatory information contained in plaintiff's consumer files not only caused her inconvenience and emotional distress but it also forced her to settle for credit on less favorable terms.

56.    Credit Union intentionally inflicted emotional distress because it knew that emotional distress was likely to result from its conduct when it reported that plaintiff's loan was one time sixty (60) days and two time thirty (30) late. The creditor does not report a delinquency in order to benefit the debtor; rather, such reports will always harm the debtor's credit reputation. Credit Union intended to cause harm to plaintiff's credit rating and credit worthiness and it actually harmed.

57.    Credit Union's conduct was extreme and outrageous because it was on notice since June 18, 1998 that plaintiff's account had been closed with it after being paid in full. However, Credit Union repeatedly misrepresented to Equifax and Experian that the plaintiff's consumer report was required to review her existing account. As a result of Credit Union's willful procurement of plaintiff's consumer report without permissible purpose from Experian and Equifax, plaintiff suffered mental anguish and frustration.

COMPLAINT

13

58.     Credit Union's conduct was further extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community. "Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions.  As described above, Credit Union's conduct was outrageous and reckless when it continued to obtain plaintiff's credit reports impermissibly from credit reporting agencies.  Despite plaintiff's repeated requests to have the defamatory information to be removed from the credit files, Credit Union kept updating the status of the dispute with the credit reporting agency as valid and accurate.  Defamatory information on her credit report not only caused her inconvenience and emotional distress but it also forced her to settle for credit on less favorable terms.

59.     Thus, plaintiff suffered Actual Damages arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities. Credit Union's actions were the cause of plaintiff's distress.  Plaintiff is a reasonable person and the emotional distress sustained by her was severe and of a nature that no reasonable person could be expected to endure.  Matter of fact, plaintiff did all any reasonable person could do to persuade the defendant that it had made a mistake in reporting that plaintiff's loan was late.  Finally, Credit Union admitted the error in June of 2003 and again it failed to inform Experian to delete the defamatory information from her reports.

60.     As a direct proximate result of Credit Union's surreptitious conduct, plaintiff had suffered deep humiliation, embarrassment, anguish, indignity, and anger along with serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs.

/ / /

/ / /

14

COMPLAINT

1

2

3

## ELEVENTH CAUSE OF ACTION
### Willful Distribution of Credit Report on December 12, 2006
### (Against Defendant Equifax)

4

5

6

61.    The allegations set forth in paragraphs 1 through 60 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a tenth cause of action as follows.

7

8

62.    Equifax is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

9

10

11

63.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681b, Equifax owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized by law or by prior written authorization from plaintiff.

12

13

14

64.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Equifax owed a duty to plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. § 1681b.

15

16

17

65..    Under the Fair Credit Reporting Act, Equifax may not accept representations that user's request for access to a consumer's credit file is for a permissible purpose when Equifax is aware of or in possession of information that shows the request is not for a permissible purpose.

18

19

20

21

66.    Equifax breached its duty to plaintiff not to release credit-related information about plaintiff except as authorized under 15 U.S.C. § 1681b when Equifax provided the consumer report about plaintiff to Credit Union on or about December 12, 2006.

22

23

24

67.    Defendant Equifax breached its duty to plaintiff to maintain reasonable procedures to insure that information is released only for lawful purposes by failing to implement such safeguards before Credit Union had obtained the consumer report.

25

26

27

68.    Plaintiff was injured by defendant Equifax's breach of its duty in that he she suffered emotional distress as a result of the improper dissemination of her consumer report.

28

69.    Plaintiff's injuries were proximately caused by Equifax's breach of its duty to plaintiff in that Credit Union's retrieval of information about plaintiff was made

COMPLAINT

15

1  possible only by the wrongful release of confidential information by Equifax to Credit
2  Union.

3      70.    Equifax's negligent distribution of this information was a willful violation
4  of the Fair Credit Reporting Act, for which plaintiff seeks compensatory damages, and
5  the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. §
6  1681n.

7                          TWELFTH  CAUSE OF ACTION
                       Willful Sale of Plaintiff's Credit Report
8                             For Promotional Purposes
9                           (Against Defendant Equifax)

10     71.    The allegations set forth in paragraphs 1 through 70 are realleged and
11  incorporated herein by reference, and plaintiff is informed and believes and on that
12  basis alleges for a tenth cause of action as follows.

13     72.    The privacy statement provided at defendant's Web site does not advise
14  consumers that it will sell the confidential information to third parties after one opted-
15  out of the sale of his/her personal financial information to third parties of outside of its
16  family of financial service providers. Accordingly, in the course and conduct of its
17  business, defendant has willfully and/or negligently violated the provisions of the
18  FCRA in the following respects:

19         •   By willfully and/or negligently failing to provide
               consumer reports for a permissible purpose as
20             required by § 1681b of the FCRA.

21         •   By willfully and/or negligently failing to maintain
               reasonable procedures to ensure proper disclosure of
22             information to third parties as required by §1681e.

23         •   By willfully and/or negligently failing to maintain
24             reasonable procedures to ensure compliance with
               consumer disclosure obligation as required by § 1681g.
25
       73.    On April 14, 2003 Plaintiff placed a promotional block on her credit
26
   report which prohibited Equifax from selling her consumer report to any creditors for
27
   promotional purposes. On July 10, 2003, plaintiff signed a Notice of Election to Opt
28
   Out request for permanent exclusion of her consumer file from all preapproved credit

                                                                                16

COMPLAINT

offer mailing lists by credit grantors. Nevertheless, Equifax sold plaintiff's credit report for known and unknown purposes to Washington Mutual. Equifax's failure to comply with the FCRA when it furnished the plaintiff's consumer report to the said credit grantor and its failure to otherwise comply with the FCRA was willful/negligent as contemplated under 15 U.S.C. §1681n of the FCRA.

74.    As a result of defendant's actions or omissions contrary to 15 U.S.C. §§ 1681b; 1681e and 1681g, plaintiff is entitled to: injunctive relief requiring defendant to adopt and implement reasonable procedures in compliance with the mandate of 15 U.S.C. §§ 1681b; 1681e and 1681g, in as much as the defendant's procedures pose an imminent threat of reoccurrence of injury to plaintiff (ii) actual damages sustained by plaintiff pursuant to 15 U.S.C. § 1681n(1); (iii) punitive damages pursuant to 15 U.S.C. § 1681n(2); and (iv) reasonable attorneys' fees and costs of suit pursuit to 15 U.S.C. § 1681n(3).

## DAMAGES AND PENALTIES

WHEREFORE, plaintiff asks the Court to:

Plaintiff respectfully requests a Judgment of this Court for each violation charged in the Complaint in her favor awarding her economic, compensatory, exemplary and punitive damages and all the relief as provided by law, attorney's fees if Plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action;

1.    Defendants have willfully, repeatedly and knowingly violated plaintiff's rights afforded to her under the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act;

2.    Defendants have willfully violated California's Business and Profession Code § 17200 et. seq. as described in this Complaint;

3.    Plaintiff seeks permanent injunctive relief restraining Equifax from selling plaintiff's consumer report or any other information regarding plaintiff, consumer credit or otherwise, to any person absent the existence of a permissible purpose as listed in the FCRA;

17

COMPLAINT

4.       Plaintiff seeks disgorgement of any contribution to profits resulting from defendants' failure to comply with California Business & Professions Code Sections 17200 *et seq;*

5.       Defendants' conduct constitutes a wanton and gross disregard for the law. Plaintiff requests punitive damages in the amount to be proven at trial;

6. Based on the foregoing, plaintiffs seek actual damages and punitive damages in the amount of $150,000;

7.       Plaintiff hereby seeks a trial by jury of any and all claims properly cognizable thereby;

8.       Award Plaintiff any and all other relief the Court deems just and appropriate in light of the evidence adduced at trial.

Respectfully Submitted;

Dated: June 18, 2008                    By: _____
                                                    KAMLESH BANGA
                                                    Plaintiff in Pro Per

COMPLAINT

18

1

## VERIFICATION

2       I, Kamlesh Banga, declare under penalty of perjury under the laws of the State

3   of California that I am a plaintiff in the above-entitled action. I have read the

4   Complaint and I declare under penalty of perjury under the laws of the State of

5   California that the foregoing is true and correct.

6       Executed on June 18, 2008 in the County of Solano.

7

8                      By:    Kamlesh Banga

                            KAMLESH BANGA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**COMPLAINT**