THOMAS P. QUINN (State Bar No. 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAL STATE 9 CREDIT UNION; EQUIFAX INFORMATION SERVICES, LLC; and Does 1 through 10 inclusive,<br><br>　　　　Defendants. | Case No: C08-03015 BZ ADR<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO COMPLAINT** |

Defendant Equifax Information Services LLC ("Equifax"), for itself and itself alone, answer the Complaint of Plaintiff as follows:

## INTRODUCTION

1.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2.   To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

- 1 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**TRIAL BY JURY**

3. Equifax admits that Plaintiff demands a trial by jury.

**REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES**

4. Equifax admits that Plaintiff requests this Court to instruct the jury that actual or compensatory and punitive or exemplary damages may be awarded against the Defendant under federal and state laws all of which Equifax denies any liability. Equifax denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint to the extent that they suggest that Equifax has any liability in this matter or that Plaintiff is entitled to actual or compensatory and punitive or exemplary damages from Equifax.

**PRELIMINARY STATEMENT**

5. In response to Paragraph 4 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action for noncompliance with the terms of a settlement agreement entered into on August 18, 2006 in the Superior Court of Costra County, all of which Equifax denies any liability.

6. Equifax denies the allegations in paragraph 5 of the Complaint.

7. Equifax denies the allegations in paragraph 6 of the Complaint.

**PARTIES**

8. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

9. Equifax admits the allegations in paragraph 8 of the Complaint.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 2 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

1   13.   Equifax denies the allegations contained in Paragraph 12 as they pertain to
2   Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
3   of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

4   **FIRST CAUSE OF ACTION**
5   *Violations of The Fair Credit Reporting Act*
6   *Violations of California Consumer Credit Reporting Act*

7   14.   In response to Paragraph 13 of Plaintiff's Complaint, Equifax restates and
8   incorporates in responses to paragraphs 1 – 12 as though fully set forth herein.

9   15.   Equifax denies the allegations contained in Paragraph 14 as they pertain to
10  Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
11  of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

12  16.   Equifax denies the allegations contained in Paragraph 15 as they pertain to
13  Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth
14  of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

15  17.   Equifax is without knowledge or information sufficient to form a belief as to the
16  truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17  18.   Equifax is without knowledge or information sufficient to form a belief as to the
18  truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

19  **SECOND CAUSE OF ACTION**
20  *Violations of California Civil Code Section 1785.26(b)(c)*

21  19.   In response to Paragraph 18 of Plaintiff's Complaint, Equifax restates and
22  incorporates in responses to paragraphs 1 – 17 as though fully set forth herein.

23  20.   Equifax is without knowledge or information sufficient to form a belief as to the
24  truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

25  21.   Equifax is without knowledge or information sufficient to form a belief as to the
26  truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

27  ///
28  ///

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 3 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No:  C08-03015 BZ ADR

## THIRD CAUSE OF ACTION

*Tortuous Interference With Credit Expectancy*

22. In response to Paragraph 21 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 20 as though fully set forth herein.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

26. Equifax denies the allegations contained in Paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

*Defamation*

27. In response to Paragraph 26 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 25 as though fully set forth herein.

28. In response to the allegation in paragraph 27 of Plaintiff's Complaint, Equifax states that the definition of a defamatory statement speaks for itself.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

*Willful Procurement Of Credit Report*

*On October 21, 2002 Under False Pretenses*

31. In response to Paragraph 30 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 29 as though fully set forth herein.

- 4 –

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

34. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 33 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

*Willful Procurement Of Credit Report*

*On October 22, 2003 Under False Pretenses*

35. In response to Paragraph 34 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 33 as though fully set forth herein.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

38. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 37 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

*Willful Procurement Of Credit Report*

*On December 12, 2006 Under False Pretenses*

39. In response to Paragraph 38 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 37 as though fully set forth herein.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

41. Equifax denies the allegations contained in Paragraph 40 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 5 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

42. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 41 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION

*Negligent Procurement Of Credit Report*

*Under False Pretenses*

43. In response to Paragraph 42 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 41 as though fully set forth herein.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

45. Equifax denies the allegations contained in Paragraph 44 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

46. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 45 of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

*Unfair Business Practices Act*

*Disgorgement of Profits*

47. In response to Paragraph 46 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 45 as though fully set forth herein.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

50. In response to the allegations contained in the first sentence in Paragraph 49 of Plaintiff's Complaint, Equifax states that the California Consumer Credit Reporting Act speaks for itself. In response to the allegations contained in the second sentence in Paragraph 49 of Plaintiff's Complaint, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

- 6 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  51.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

2  52.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

3  53.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

4  54.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## TENTH CAUSE OF ACTION

*Intentional Infliction of Emotional Distress*

55.  In response to Paragraph 54 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 53 as though fully set forth herein.

56.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

57.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

58.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in Paragraph 57 of Plaintiff's Complaint.  Equifax denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

59.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint.

60.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint.

61.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

///
///

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 7 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No:  C08-03015 BZ ADR

**ELEVENTH CAUSE OF ACTION**

*Willful Distribution of Credit Report on December 12, 2006*

*(Against Defendant Equifax)*

62. In response to Paragraph 61 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 60 as though fully set forth herein.

63. Equifax admits the allegations contained in Paragraph 62 of Plaintiff's Complaint.

64. In response to Paragraph 63 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

65. In response to Paragraph 64 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

66. In response to Paragraph 65 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

67. Equifax denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

68. Equifax denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

69. Equifax denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

70. Equifax denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

71. Equifax denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

**TWELFTH CAUSE OF ACTION**

*Willful Sale of Plaintiff's Credit Report*

*For Promotional Purposes*

*(Against Defendant Equifax)*

72. In response to Paragraph 71 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 70 as though fully set forth herein.

73. In response to the allegations contained in the first sentence in Paragraph 72 of Plaintiff's Complaint, Equifax states that the content of its website speaks for itself. Equifax denies the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

74. In response to the allegations contained in the first two sentences in Paragraph 73 of Plaintiff's Complaint, Equifax states it is without knowledge or information sufficient to form

- 8 –

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No:  C08-03015 BZ ADR

1  a belief as to the truth of the allegations. Equifax denies the remaining allegations contained in
2  Paragraph 73 of Plaintiff's Complaint.

3      75.    Equifax denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

4  **DAMAGES AND PENALTIES**

5      76.    Equifax denies that Plaintiff is entitled to any of the relief set forth in her Prayer
6  for Relief

7  **DEFENSES**

8      77.    Without assuming the burden of proof where it otherwise rests with Plaintiff,
9  Equifax pleads the following defenses to the Complaint:

10 **FIRST DEFENSE**

11     78.    Plaintiff's Complaint fails to state a claim against Equifax upon which relief can
12 be granted.

13 **SECOND DEFENSE**

14     79.    Plaintiff's damages, if any, were not caused by Equifax; but rather, they were
15 caused by another person or entity for whom or for which Equifax is not responsible.

16 **THIRD DEFENSE**

17     80.    Some or all of plaintiff's claims are pre-empted by the Fair Credit Reporting Act,
18 15 U.S.C. § 1681h(e).

19 **FOURTH DEFENSE**

20     81.    At all pertinent times, Equifax acted in good faith and without malice or intent to
21 injure plaintiff.

22 **FIFTH DEFENSE**

23     82.    At all pertinent times, Equifax maintained reasonable procedures to ensure
24 maximum possible accuracy in its credit reports.

25 **SIXTH DEFENSE**

26     83.    Equifax has complied with the provisions of the Fair Credit Reporting Act, 15
27 U.S.C. §§ 1681 *et seq*., in its handling of plaintiff's credit file, , and is entitled to each and every
28 defense afforded to it by that statute.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 9 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No: C08-03015 BZ ADR

**SEVENTH DEFENSE**

84. Plaintiff has failed to mitigate his damages.

**EIGHTH DEFENSE**

85. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE**

86. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

**TENTH DEFENSE**

87. Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**ELEVENTH DEFENSE**

88. As a defense, Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein, and that the same be dismissed;
2. For costs of suit and attorney's fees herein; and
3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: August 12, 2008        /s/
                              THOMAS P. QUINN, JR.
                              Attorneys for Defendant EQUIFAX
                              INFORMATION SERVICES LLC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 10 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No:  C08-03015 BZ ADR

**CERTIFICATE OF SERVICE**

KAMLESH BANGA v EQUIFAX, et al, CASE NO:  C08-03015 BZ ADR

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On August 12, 2008. I served a true copy of the

**ANSWER TO COMPLAINT**

[ X ]    By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the parties listed below:

[ ]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as follows:

>Kamlesh Banga, Pro Se
>P.O. Box 6025
>Vallejo, CA 94591
>Tel: (707) 342-1692
>
>Leora R. Ragones, Esq.
>Lombardi Loper & Conant, LLP
>1999 Harrison Street, Suite 2600
>Oakland , CA 94612-3541
>Tel:  510-433-2600
>Fax: 510-433-2699
>Email: lsimantov@llcllp.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/
YVONNE M. HOMAN

Place of Mailing:  Laguna Beach, California

Executed on August 12, 2008, at Laguna Beach, California.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 11 –

DEFENDANT EQUIFAX'S ANSWER TO COMPLAINT
Case No:  C08-03015 BZ ADR