1  VINCENT CASTILLO, State Bar No. 209298
   vcastillo@llcllp.com
2  LEORA R. RAGONES, State Bar No. 215423
   lragones@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA 94612-3541
5  Telephone:  (510) 433-2600
   Facsimile:  (510) 433-2699
6
   Attorneys for Defendant
7  CAL STATE 9 CREDIT UNION

8

9                     UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

11

12  KAMLESH BANGA,                    Case No. C08-03015 BZ

13           Plaintiff,                DEFENDANT'S AMENDED NOTICE
                                       OF MOTION AND MOTION FOR STAY;
14     v.                              MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT OF
15  CAL STATE 9 CREDIT UNION;          MOTION TO STAY
    EQUIFAX INFORMATION SERVICES,
16  LLC; and Does 1 through 10 inclusive,   Date:   October 17, 2008
                                            Time:   9 a.m.
17           Defendants.                    Dept.:  Courtroom 7, 19th Floor
                                                    San Francisco
18                                          Judge:  Maxine M. Chesney
                                                    United States District Judge
19

20             AMENDED NOTICE OF MOTION AND MOTION FOR STAY

21        TO PLAINTIFF KAMLESH BANGA:

22        PLEASE TAKE NOTICE that on October 17, 2008 at 9:00 a.m. in Courtroom 7 of the

23  United States District Court, Northern District, San Francisco Division, located at 450 Golden

24  Gate Avenue, San Francisco, California, or as soon thereafter as the matter may be heard,

25  Defendant Cal State 9 Credit Union will move this Court for an order to stay this action.

26        This motion is made and based upon this Notice, the Memorandum of Points and

27  Authorities in support thereof and the pleadings and any other documents on file, as well as any

28  other evidence produced at the hearing of the matter.

00525-38141 LRAGONES 558992.1            1                    Case No. C08-03015 BZ
   DEFENDANT CAL STATE 9 CREDIT UNION'S NOTICE OF MOTION AND MOTION FOR STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 12 U.S.C. § 1787(b)(12), the National Credit Union Administration Board as Liquidating Agent for Cal State 9 Credit Union (CS9CU) moves this Court for an order staying this matter as to all parties for a period of ninety (90) days from the date of entry of such order.

1. On June 30, 2006, Defendant CS9CU was placed into involuntary liquidation, and the National Credit Union Administration Board was appointed Liquidating Agent of the credit union pursuant to the provisions of 12 U.S.C. § 1787(a)(3). A copy of the Notice of Involuntary Liquidation and Revocation of Charter is attached as Exhibit A.

2. As Liquidating Agent for the Credit Union, the Board succeeded to all right, title and interest of the credit union by operation of law. *See* 12 U.S.C. § 1787(b)(2)(A).

3. The Board as Liquidating Agent is authorized to request a stay of any judicial action or proceeding to which a credit union in liquidation is or becomes a party. Once such a stay is requested by the Liquidating Agent, the Court in which the stay is requested must grant the stay. 12 U.S.C. § 1787(b)(12) provides:

> **Suspension of Legal Actions.**
>
> (A) **In General.**—After the appointment of a conservator or liquidating agent for an insured credit union, the conservator or liquidating agent may request a stay for a period not to exceed –
>
> (i) 45 days, in the case of any conservator; and
> (ii) 90 days, in the case of any liquidating agent, in any judicial action or proceeding to which such credit union is or becomes a party.
>
> (B) **Grant of Stay by all Courts Required.**—Upon receipt of a request by any conservator or liquidating agent pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

///
///
///
///
///

WHEREFORE the NCUA Board as Liquidating Agent for Defendant CS9CU respectfully requests that this Court enter an order implementing the statutorily required stay of proceedings in this case with respect to all parties for a period of ninety (90) days from the date of entry of such order.

Dated: August 28, 2008

LOMBARDI, LOPER & CONANT, LLP

By: /s/ Leora R. Ragones
LEORA R. RAGONES
Attorneys for Defendant
CAL STATE 9 CREDIT UNION

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | *Kamlesh Banga v. Cal State 9 Credit Union, et al.*<br>United States District Court, Northern District Case No.: 3:08-cv-03015 MMC |

I, Noelle Duncan, do hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

On August 28, 2008, I served the within:

**DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Kamlesh Banga<br>P.O. Box 6025<br>Vallejo, CA 94591 | Telephone: (707) 342-1692<br>Facsimile:<br>*Plaintiff in Propria Persona* |
| Thomas P. Quinn<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CA 92651 | Telephone: (949) 376-3055<br>Facsimile: (949) 376-3070<br>*Attorneys for Defendant*<br>*Equifax Information Services LLC* |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| 00525-38141 LRAGONES 557751.001 | 1 | Case No. 3:08-cv-03015 MMC |
|---|---|---|

PROOF OF SERVICE

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2008, at Oakland, California.

/s/ Noelle Duncan
Noelle Duncan