

1  Kamlesh Banga
2  P.O. Box 6025
   Vallejo, CA 94591
3
   Plaintiff in Pro Per
4  (707) 342-1692

5

6

7

8  # UNITED STATES DISTRICT COURT
   # NORTHERN DISTRICT OF CALIFORNIA
9  # SAN FRANCISCO DIVISION

10

11 KAMLESH BANGA,                                    CASE NO.:  C08-03015-MMC

12                  Plaintiff,
                        vs.
13

14 NATIONAL CREDIT UNION ADMINISTRATION,           **STIPULATION TO AMEND**
   EQUIFAX INFORMATION SERVICES, LLC and           **COMPLAINT; ORDER THEREON**
15 Does 1 through 10 inclusive.
16                  Defendants

17

18

19

20     Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Kamlesh Banga and

   EQUIFAX INFORMATION SERVICES, LLC ("Defendant" and together with Kamlesh Banga,
21
   the "Parties") jointly submit this Stipulation to permit Kamlesh Banga to file her First Amended
22
   Complaint.
23
       WHEREAS, Plaintiff filed her Complaint in this matter on June 18, 2008;
24
       WHEREAS, Defendant, Equifax filed its answer to the Complaint on August 12, 2008;
25
       WHEREAS, Kamlesh Banga desires to amend her Complaint to include additional
26 allegations related to the current litigation; and,

27     **THEREFORE,** the Parties hereby stipulate to the filing of the Amended Complaint

28 attached hereto as Exhibit A.

                                                1

**SO ORDERED:**

DATED: _____

The Hon. Judge Maxine M. Chesney
United States District Judge

**SO STIPULATED:**

DATED: _01 – 06 – 2009_

_Kamlesh Banga_
Kamlesh Banga
Plaintiff in Pro Per

EQUIFAX INFORMATION SERVICES, LLC

DATED: _____                    By: _____
                                          Thomas P. Quinn, Esq.
                                          Nokes & Quinn
                                          450 Ocean Avenue
                                          Laguna Beach, CA 92651

1    **SO ORDERED:**

2

3

4    DATED: ___January 12, 2009___        _Maxine M. Chesney_
                                         The Hon. Judge Maxine M. Chesney
5                                        United States District Judge

6    **SO STIPULATED:**

7

8
     DATED: _____
9                                        _____
                                               Kamlesh Banga
10                                             Plaintiff in Pro Per

11

12                                       EQUIFAX INFORMATION SERVICES, LLC

13

14
     DATED: __1/06/09__                  By: _____
15                                             Thomas P. Quinn, Esq.
16                                             Nokes & Quinn
                                               450 Ocean Avenue
17                                             Laguna Beach, CA 92651

18

19

20

21

22

23

24

25

26

27

28

                                         2

# EXHIBIT "A"

1  Kamlesh Banga
2  P.O. Box 6025
   Vallejo, CA 94591
3
       Plaintiff in Pro Per
4      (707) 342-1692
5
6
7
8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9                 SAN FRANCISCO DIVISION
10
11 KAMLESH BANGA,                          CASE NO.: C08-03015-MMC

12             Plaintiff,
                  vs.
13
14 NATIONAL CREDIT UNION ADMINISTRATION,   FIRST AMENDED COMPLAINT
   EQUIFAX INFORMATION SERVICES, LLC and
15 Does 1 through 10 inclusive.
                  Defendants
16
17
18
19                        INTRODUCTION

20     1.      This lawsuit involves the rights under the Fair Credit Reporting Act, 15 U.S.C. §§

21 1681-1681u *et seq*., California Consumer Credit Reporting Agencies Act ("CCCRA"); and

22 California Unfair Business Practices Act of a person claiming to be damaged by the disclosure of

23 false, derogatory, and inaccurate credit information to the consumer reporting agencies. This action

   also arises for damages from defendant Cal State 9 Credit Union which has been replaced by
24
   National Credit Union Administration's (NCUA) willful procurement of plaintiff's credit report
25
   information from Equifax Information Services ("Equifax") and Experian Information Solutions
26
   ("Experian"). This case further arises from Equifax's willful distribution of plaintiff's credit report
27
   information to her former creditors for account review and willful sale of plaintiff's credit report
28
   information for promotional purposes.

FIRST AMENDED COMPLAINT                                                                    1

**JURISDICTION AND VENUE**

2.    The Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Jurisdiction over plaintiff's supplemental State law cause of action exists under 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 15 U.S.C. §§1391(b).

**TRIAL BY JURY**

3.    Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civil Procedure 38.

**REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES**

4.    Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendants under federal and state laws.

5.    This is an action for damages arising from defendant NCUA's failure to comply with the terms of the Settlement Agreement entered between the parties on August 18, 2006 in the Superior Court Contra Costa County in the matter known as Banga v. Cal State 9 Credit Union – C03-03227 – filed on December 31, 2003. On December 12, 2006, defendant procured plaintiff's credit report for an account review from Equifax under false pretenses.

6.    This action also arises for damages against Equifax when it sold plaintiff's consumer report to her former creditors for "account review" with whom plaintiff had no longer any existing account. Equifax also violated FCRA when it sold plaintiff's credit report to Washington Mutual for promotional purposes notwithstanding the fact that plaintiff's consumer credit file was blocked for all preapproved offers mailing lists by credit grantors.

7.    Plaintiff is unaware of the true names and capacities of the defendant(s) sued as Does 1 through 10 inclusive, and therefore sue these defendant(s) for the violations of rights under the Fair Credit Reporting Act; California Consumer Credit Reporting Agencies Act ("CCCRA"); California Unfair Business Practices Act; Impermissible Disclosure of Consumer Reports, Unwarranted Intrusion of Privacy; and Intentional Infliction of Emotional Distress. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when they have been determined.

**FACTUAL BACKGROUND**

8.    Plaintiff had Home Access Loan with Defendant from December 1995 through June 1998. On June 18, 1998, plaintiff paid her loan in full and closed her account thereafter. On

FIRST AMENDED COMPLAINT

2

December 31, 2003, plaintiff filed a lawsuit against Defendant as follows: (1) On May 30, 1998, Defendant falsely reported to Credit Reporting Agencies that plaintiff's loan was one time sixty days (60) late and two times 30 days late; and Defendant also failed to inform plaintiff pursuant to California Civil Code Section 1785.26 (b)(c) that require a creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only **if** the creditor notifies the consumer affected; (2) On October 21, 2002, Defendant impermissibly accessed plaintiff's credit report under false pretenses from Experian that it wanted to review plaintiff's existing account; and (3) On October 22, 2003, Defendant accessed plaintiff's credit report for the **second** time after having been notified that impermissibly obtaining a consumer report was illegal.

9.     On August 18, 2006, as reflected in the *Contra Costa Superior Court Case No.: C03-03227*, plaintiff settled her case with Defendant. By executing this Settlement Agreement, Defendant was prohibited from obtaining plaintiff's consumer report from the credit reporting agencies.

10.     In September of 2007, plaintiff discovered that on December 12, 2006, Defendant had obtained her credit report from Equifax for account review. On September 25, 2007, plaintiff wrote a letter to Defendant and asked for an explanation as to why her credit report had been obtained from Equifax for account review since there was no account existed. Defendant did not respond.  On October 24, 2007, plaintiff sent another letter to Defendant reiterating her request but to no avail.

11.     Subsequently, plaintiff sent a letter to Equifax inquiring why it had provided plaintiff's credit report for an account review to Defendant since there was no account existed.  In this letter, plaintiff also mentioned to Equifax as to why plaintiff's credit report was sold to Washington Mutual for promotional purpose since her consumer file was excluded permanently for all promotional purposes but to no avail.

12.     On July 29, 2008, plaintiff received a new updated credit report from Equifax and discovered that Equifax had sold and continues to sell plaintiff's credit report information to her former creditors.

## FIRST CAUSE OF ACTION
### *Violations of The Fair Credit Reporting Act*
### *Violations of California Consumer Credit Reporting Act*

13.     The allegations set forth in paragraphs 1 through 12 are realleged and incorporated

herein by reference, and plaintiff is informed and believes and on that basis alleges for a first cause of action as follows:

14.    In the course and conduct of its business in June of 1998 Defendant falsely reported to the credit reporting agencies that plaintiff's loan was one time sixty (60) days and two time thirty (30) days late. The existence of this negative information in plaintiff's consumer file caused damage to plaintiff's creditworthiness and her application for credit cards were denied by several known or unknown prospective creditors including Fleet Bank, Providian, and Juniper Bank.

15.    Plaintiff is informed and believes, and based on that information and belief alleges that Defendant's action also interfered with plaintiff's efforts of obtaining lower interest rate from Honda Dealer in purchasing a car.  Moreover, not only Defendant provided inaccurate information to credit reporting agencies but it also charged excessive interest fee. Consequently, plaintiff suffered a pecuniary loss resulting from these denials. Defendant's furnishing of this false and defamatory information to credit reporting agencies had violated plaintiff's rights afforded to her under The Fair Credit Reporting Act (FCRA"), 15 U.S.C. § 1681, et seq. and the California Consumer Credit Reporting Act.

16.    Plaintiff had a valid credit expectancy.  Plaintiff's credit reports and credit score have been reviewed many times by prospective and existing credit grantors and extenders of credit; however, the inaccurate and incomplete information had been a substantial factor in precluding plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers.

17.    Defendant repeatedly and knowingly violated plaintiff's rights afforded to her under the Fair Credit Reporting Act and the California Consumer Credit Reporting Act in that it had been failed to follow the reasonable procedures to assure the maximum possible accuracy on plaintiff's credit reports; failed to investigate dispute of debt before actually reporting unpaid balances to credit bureau as delinquent; failed to investigate dispute before trying to collect the disputed debt; and failed to notify credit reporting agency of ultimate resolution of the dispute.

18.    As a direct and proximate result of Defendant's conduct as described above, plaintiff suffered emotional distress upon learning that it had reported inaccurate credit information to credit reporting agencies. Plaintiff is informed and believes, and based on that information and belief alleges, that each recipient of her consumer report was misled by the false information contained in her consumer report and, as a result, plaintiff sustained a tremendous amount of financial loss, humiliation, mental anguish, and emotional distress.

FIRST AMENDED COMPLAINT

4

1
2

## SECOND CAUSE OF ACTION
*Violations of California Civil Code Section 1785.26 (b) (c)*

3      19.     The allegations set forth in paragraphs 1 through 18 are realleged and incorporated
4   herein by reference, and plaintiff is informed and believes and on that basis alleges for a second
5   cause of action as follows:

6      20.     Defendant's actions towards plaintiff were intentionally deceptive and malicious.
7   Defendant's actions were deceptive and malicious in that because it had failed to notify plaintiff
8   pursuant to California Civil Code Section 1785.26 (b)(c) that requires creditor to notify consumers
9   that negative information would be or had been reported to credit reporting agencies.

10     21.     As a direct foreseeable proximate result of Defendant's conduct, plaintiff was
   deprived to have a good credit standing and of all the benefits that a good credit standing offered.
11  Plaintiff is informed and believes, and based on that information and beliefs alleges, that each
12  recipient of a plaintiff's consumer report was misled by the false information furnished by
13  Defendant.

14
15

## THIRD CAUSE OF ACTION
**Tortuous Interference *With* Credit Expectancy**

16     22.     The allegations set forth in paragraphs 1 through 21 are realleged and incorporated
17  herein by reference, and plaintiff is informed and believes and on that basis alleges for a third cause
18  of action as follows:

19     23.     Defendant provided a defamatory statement to credit reporting agencies about
20  plaintiff's creditworthiness that her loan one time sixty (60) days and two time thirty (30) days late.
21  Defendant's outrageous conduct was intentional and it tortuously interfered with plaintiff's credit
22  expectancy[1].

23     24.     The threshold determination in any tort case is whether the Defendant owes the
24  plaintiff a duty of care or not.  In the instant case, Defendant owed a duty of care to plaintiff. Credit

25

26  [1] Restatement Second of Torts, section 766B:

27     This section states: "One who intentionally and improperly interferes with another's
      prospective contractual relation (except a contract to marry) is subject to liability to the
28     other for pecuniary harm resulting from loss of the benefits of the relation, whether the
      interference consists of (a) inducing or otherwise causing a third person not to enter into or
      continue the prospective relation or (b) preventing the other from acquiring or continuing
      the prospective relation."

**FIRST AMENDED COMPLAINT**

Defendant breached its duty by submitting a false statement to credit reporting agencies that plaintiff's loan one time sixty (60) days and two time thirty (30) late. Defendant knew very well that the statement it had provided to credit reporting agencies was false and interference was certain to occur as a result of its action.

25.     No creditor reports a delinquency in order to benefit the debtor; rather, such reports always harm the debtor's credit reputation. Plaintiff had valid credit expectancy. Plaintiff's expectancy of obtaining financing at lower rate was disrupted by Defendant's false defamatory statement. Defendant's actions proximately caused various card companies to reject plaintiff's credit application. Plaintiff contends that Defendant's false statement that loan was one time sixty (60) days and two time thirty (30) late had tortuously interfered with credit expectancy.

26.     As a direct foreseeable proximate result of defendant's conduct, plaintiff was deprived to have a good credit standing and of all the benefits that a good credit standing offered. In truth and in fact, defendant's false and derogatory reporting to the credit reporting agencies had tortuously interfered with her credit expectancy and had undermined her creditworthiness, credit standing, and credit capacity among relatives, friends, and in the public eye.

## FOURTH CAUSE OF ACTION
### Defamation

27.     The allegations set forth in paragraphs 1 through 26 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a fourth cause of action as follows:

28.     A defamatory statement is one that "impeaches a person's integrity, virtue, human decency, or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person."

29.     Defendant had furnished defamatory statement to credit reporting agencies about plaintiff that her loan was one time sixty (60) days and two time thirty (30) late. Plaintiff contends that Defendant had injured her by submitting defamatory statement to credit reporting agencies. This statement was false and it proximately caused denial of credit cards from Providian, Fleet and Juniper Bank, et al. Defendant's action also interfered with plaintiff's efforts of obtaining lower interest rate in refinancing the loan with the Honda Dealer in buying a car. Consequently, plaintiff suffered a pecuniary loss resulting from these denials.

30.     Defendant's conduct was intentional because no creditor reports a delinquency in order to benefit the debtor; rather, such reports always harm the debtor's credit reputation.

6

**FIRST AMENDED COMPLAINT**

1  Defendant's actions were the cause of injury to plaintiff's reputation and creditworthiness.

2  Defendant intended to cause harm to plaintiff's credit rating and credit worthiness and it actually

3  harmed.

4  ### FIFTH CAUSE OF ACTION
### WILLFUL PROCUREMENT OF CREDIT REPORT
5  *Under False Pretenses*

6  31.  The allegations set forth in paragraphs 1 through 30 are realleged and incorporated

7  herein by reference, and plaintiff is informed and believes and on that basis alleges for a fifth cause

of action as follows:

8  32.  As of June 22, 1998, Defendant knew that Plaintiff's account had been closed with it.

9  At no time on or about October 21, 2002, October 22, 2003; and December 12, 2006 did plaintiff

10  provide Defendant with written or oral permission to procure any information whatsoever about her.

11  33.  On or about October 21, 2002, Defendant willfully sought and obtained a consumer

12  report on plaintiff for no permissible purpose under the Fair Credit Reporting Act.  As a result of

13  Defendant's willful procurement of plaintiff's consumer report without permissible purpose from

14  Experian, plaintiff suffered mental anguish. Defendant's willful and wrongful procurement of

15  plaintiff's consumer report from Experian on or about October 21, 2002, constituted a violation of

16  the Fair Credit Reporting Act and California Consumer Credit Reporting Act.

17  34.  On or about October 22, 2003, Defendant willfully sought and obtained a consumer

18  report on plaintiff for no permissible purpose under the Fair Credit Reporting Act.  As a result of

Defendant's willful procurement of Plaintiff's consumer report without permissible purpose from

19  Experian, plaintiff suffered mental anguish. Defendant's willful and wrongful procurement of

20  plaintiff's consumer report from Experian on or about October 22, 2003 constituted a violation of

21  the Fair Credit Reporting Act and California Consumer Credit Reporting Act.

22  35.  On or about December 12, 2006, Defendant willfully sought and obtained a

23  consumer report on plaintiff from Equifax for no permissible purpose under the Fair Credit

24  Reporting Act.  As a result of Defendant's willful procurement of plaintiffs' consumer report

25  without permissible purpose from Equifax, plaintiff suffered mental anguish. Defendant's willful

26  and wrongful procurement of plaintiff's consumer report from Equifax on or about December 12,

27  2006 constituted a violation of both the Fair Credit Reporting Act and the California Consumer

Credit Reporting Act.

28

**FIRST AMENDED COMPLAINT**

7

36.     Plaintiff seeks damages against Defendant for actual damages including damages for emotional suffering and distress, punitive damages, the costs of bringing this action; and the reasonable attorney's fees, if plaintiff retains an attorney during the pendency of this action.

## SIXTH CAUSE OF ACTION
## NEGLIGENT PROCUREMENT OF CREDIT REPORT
### *Under False Pretenses*

37.     The allegations set forth in paragraphs 1 through 36 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a sixth cause of action as follows:

38.     As of June 22, 1998, Defendant's knew that Plaintiff's account had been closed with it. At no time on or about October, 21, 2002, October 22, 2003, and December 12, 2006, did plaintiff provide Defendant with written or oral permission to procure any information whatsoever about her.

39.     Defendant's negligently obtaining plaintiff's credit reports from Experian and Equifax on October, 21, 2002, October 22, 2003, and December 12, 2006 constituted a violation of the Fair Credit Reporting Act and the California Consumer Credit Reporting Act. Each time for obtaining plaintiff's consumer report, Defendant misrepresented the purpose of its inquiry to Experian and Equifax that plaintiff's consumer report was required to review her existing account.

40.     As a result of Defendant's negligent misrepresentations, plaintiff suffered mental anguish and she was forced to incur costs in the course of bringing this action. Plaintiff seeks damages against Defendant for actual damages for emotional suffering and distress, punitive damages, the costs of bringing this action and the reasonable attorney's fees, if plaintiff retains an attorney during the pendency of this action.

## SEVENTH CAUSE OF ACTION
### Willful Distribution of Credit Report on December 12, 2006
### (Against Defendant Equifax)

41.     The allegations set forth in paragraphs 1 through 40 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a seventh cause of action as follows:

42.     Equifax is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

**FIRST AMENDED COMPLAINT**

8

43.     Under the Fair Credit Reporting Act,15 U.S.C. §1681b, Equifax owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized by law or by prior written authorization from plaintiff.

44.     Under the Fair Credit Reporting Act,15 U.S.C. §1681e, Equifax owed a duty to plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. §1681b.

45.     Under the Fair Credit Reporting Act, Equifax may not accept representation that user's request for access to a consumer's credit file is for a permissible purpose when Equifax is aware of or in possession of information that shows the request is not for a permissible purpose.

46.     Equifax breached its duty to plaintiff not to release credit-related information about plaintiff except as authorized under 15 U.S.C. §1681b when Equifax provided the consumer report about plaintiff to Defendant on or about December 12, 2006.

47.     Equifax breached its duty to plaintiff to maintain reasonable procedures to insure that information is released only for lawful purposes by failing to implement such safeguards before Defendant had obtained the consumer report.

48.     Plaintiff was injured by Equifax's breach of its duty in that she suffered emotional distress as a result of the improper dissemination of her consumer report.

49.     Plaintiff's injuries were proximately caused by Equifax's breach of its duty in that Defendant's retrieval of credit information about plaintiff was made possible only by the wrongful release of confidential information by Equifax to Defendant.

50.     Equifax's negligent distribution of plaintiff's credit information to Defendant was willful violation of the Fair Credit Reporting Act, for which plaintiff seeks compensatory damages, and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

**EIGHTH CAUSE OF ACTION**
Willful/Negligent Sale of Credit Report For Promotional Purposes
**(Against Defendant Equifax)**
**June 7, 2007**

51.     The allegations set forth in paragraphs 1 through 50 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a eighth cause of action as follows:

52.     The privacy statement provided at Equifax' website does not advise consumers that it will sell the confidential information to third parties after one opted-out of the sale of his/her personal financial information to third parties of outside of its family of financial service providers.

9

**FIRST AMENDED COMPLAINT**

Accordingly, in the course and conduct of its business, Equifax has willfully and/or negligently violated the provisions of the FCRA in the following respects:

- By willfully and/or negligently failing to provide consumer reports for a permissible purpose as required by § 1681b of the FCRA.

- By willfully and/or negligently failing to maintain reasonable procedures to ensure proper disclosure of information to third parties as required by §1681e.

- By willfully and/or negligently failing to maintain reasonable procedures to ensure compliance with consumer disclosure obligation as required by § 1681g.

53.    On April 14, 2003, plaintiff placed a promotional block on her credit report which prohibited Equifax from selling her consumer report to any creditors for promotional purposes. On July 10, 2003, Plaintiff signed a Notice of Election to Opt Out request for permanent exclusion of her consumer file from all preapproved credit offer mailing lists by credit grantors. Nevertheless, on June 7, 2007, Equifax sold plaintiff's credit report for known and unknown purposes to the Washington Mutual. Equifax's failure to comply with the FCRA when it sold plaintiff's consumer report to the said entity and its failure to otherwise comply with the FCRA was willful/ negligent as contemplated under 15 U.S.C. §1681n of the FCRA. Not only Equifax sold plaintiff's credit report for promotional and unknown purposes but it also failed to provide telephone number so that plaintiff was unable to find out under what circumstances her credit reports were purchased by several known or unknown entities.

### NINTH CAUSE OF ACTION
**Willful Distribution of Credit Report on October 12, 2007**
**HSBC Bank NV FKA Hhlb**
**(Against Defendant Equifax)**

54.    The allegations set forth in paragraphs 1 through 53 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a ninth cause of action as follows:

55.    Equifax is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

56.    Under the Fair Credit Reporting Act,15 U.S.C. §1681b, Equifax owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized by law or by prior written authorization from plaintiff.

**FIRST AMENDED COMPLAINT**

57. Under the Fair Credit Reporting Act,15 U.S.C. §1681e, Equifax owed a duty to plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. §1681b.

58. Under the Fair Credit Reporting Act, Equifax may not accept representation that user's request for access to a consumer's credit file is for a permissible purpose when Equifax is aware of or in possession of information that shows the request is not for a permissible purpose.

59. Equifax breached its duty to plaintiff not to release credit-related information about plaintiff except as authorized under 15 U.S.C. §1681b when Equifax provided the consumer report about plaintiff to HSBC Bank NV FKA Hhlb on or about October 12, 2007.

60. Equifax breached its duty to plaintiff to maintain reasonable procedures to insure that information is released only for lawful purposes by failing to implement such safeguards before HSBC Bank NV FKA Hhlb had obtained the consumer report.

61. Plaintiff was injured by Equifax's breach of its duty in that she suffered emotional distress as a result of the improper dissemination of her consumer report.

62. Plaintiff's injuries were proximately caused by Equifax's breach of its duty in that HSBC Bank NV FKA Hhlb's retrieval of credit information about plaintiff was made possible only by the wrongful release of confidential information by Equifax to HSBC Bank NV FKA Hhlb.

63. Equifax's negligent distribution of plaintiff's credit information to HSBC Bank NV FKA Hhlb was willful violation of the Fair Credit Reporting Act, for which plaintiff seeks compensatory damages, and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

### TENTH CAUSE OF ACTION
### Willful Distribution of Credit Report on April 1, 2008
### First Data Solutions
### (Against Defendant Equifax)

64. The allegations set forth in paragraphs 1 through 63 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a tenth cause of action as follows:

65. Equifax is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

66. Under the Fair Credit Reporting Act, 15 U.S.C. §1681b, Equifax owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized by law or by prior written authorization from plaintiff.

11

**FIRST AMENDED COMPLAINT**

67.     Under the Fair Credit Reporting Act,15 U.S.C. §1681e, Equifax owed a duty to plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. §1681b.

68.     Under the Fair Credit Reporting Act, Equifax may not accept representation that user's request for access to a consumer's credit file is for a permissible purpose when Equifax is aware of or in possession of information that shows the request is not for a permissible purpose.

69.     Equifax breached its duty to plaintiff not to release credit-related information about plaintiff except as authorized under 15 U.S.C. §1681b when Equifax provided the consumer report about plaintiff to First Data Solutions on or about April 1, 2008.

70.     Equifax breached its duty to plaintiff to maintain reasonable procedures to insure that information is released only for lawful purposes by failing to implement such safeguards before First Data Solutions had obtained the consumer report.

71.     Plaintiff was injured by Equifax's breach of its duty in that she suffered emotional distress as a result of the improper dissemination of her consumer report.

72.     Plaintiff's injuries were proximately caused by Equifax's breach of its duty in that First Data Solutions' retrieval of credit information about plaintiff was made possible only by the wrongful release of confidential information by Equifax to First Data Solutions.

73.     Equifax's negligent distribution of plaintiff's credit information to First Data Solutions was willful violation of the Fair Credit Reporting Act, for which plaintiff seeks compensatory damages, and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

## ELEVENTH CAUSE OF ACTION
### Willful Distribution of Credit Report on July 1, 2008
### HSBC Retail Services
### (Against Defendant Equifax)

74.     The allegations set forth in paragraphs 1 through 73 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a eleventh cause of action as follows:

75.     Equifax is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

76.     Under the Fair Credit Reporting Act,15 U.S.C. §1681b, Equifax owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized

12

FIRST AMENDED COMPLAINT

by law or by prior written authorization from plaintiff.

77.     Under the Fair Credit Reporting Act,15 U.S.C. §1681e, Equifax owed a duty to plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. §1681b.

78.     Under the Fair Credit Reporting Act, Equifax may not accept representation that user's request for access to a consumer's credit file is for a permissible purpose when Equifax is aware of or in possession of information that shows the request is not for a permissible purpose.

79.     Equifax breached its duty to plaintiff not to release credit-related information about plaintiff except as authorized under 15 U.S.C. §1681b when Equifax provided the consumer report about plaintiff to HSBC Retail Services on or about July 1, 2008.

80.     Equifax breached its duty to plaintiff to maintain reasonable procedures to insure that information is released only for lawful purposes by failing to implement such safeguards before HSBC Retail Services had obtained the consumer report.

81.     Plaintiff was injured by Equifax's breach of its duty in that she suffered emotional distress as a result of the improper dissemination of her consumer report.

82.     Plaintiff's injuries were proximately caused by Equifax's breach of its duty in that HSBC Retail Services' retrieval of credit information about plaintiff was made possible only by the wrongful release of confidential information by Equifax to HSBC Retail Services.

83.     Equifax's negligent distribution of plaintiff's credit information to HSBC Retail Services was willful violation of the Fair Credit Reporting Act, for which plaintiff seeks compensatory damages, and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

## TWELFTH CAUSE OF ACTION
### Unfair Business Practices Act
### Disgorgement of Profits
### (Against National Credit Union Administration & Equifax)

84.     The allegations set forth in paragraphs 1 through 83 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a twelfth cause of action as follows:

85.     Defendant, NCUA had furnished derogatory statement to various credit reporting agency about plaintiff's creditworthiness that her loan was one time sixty (60) days and two time thirty (30) late.  This information was inaccurate. The Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(B) imposes responsibilities of furnishers of information to consumer reporting agencies

13

that, "A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, (ii) that specific information is inaccurate; and the information is, in fact, inaccurate. Furthermore, defendant acted unfairly and unreasonably when it repeatedly verified to the credit reporting agencies that that the reported information as valid and accurate. Defendant intended to cause harm to plaintiff's credit rating and credit worthiness and it actually harmed.

86.     Defendant's actions towards plaintiff were intentionally deceptive and malicious because it had failed to notify plaintiff pursuant to California Civil Code Section 1785.26 (b)(c) that requires creditor to notify consumers that negative information would be or had been reported to credit reporting agencies. Violations of these statutes support a civil action for damages and other relief. (§1785.31 et seq.)

87.     As a direct and proximate result of defendant's outrageous conduct, plaintiff suffered mental anguish, humiliation, and emotional distress. Defendant's deceptive behavior had caused irreparable harm to plaintiff's creditworthiness and credit rating and its actions constitute a wanton and gross disregard for the law and evidently it is a willful non-compliance with sections 15 U.S.C. § 1681n(a)(2), et al.

88.     Next, in the course and conduct of its business, Defendant Equifax had conducted its business as contrary to its own specified policies when it sold plaintiff's credit report for account review, known and unknown purposes and for promotional purposes. For each sale, former creditors represented to Equifax that the credit report was needed for "account review purposes. On the contrary, Equifax's own data showed that plaintiff's account was closed and paid in full and unavailable to her, rendering the stated reason implausible. Possessed with information showing that the stated reason offered for purchasing plaintiff's credit report was almost assuredly not true, Equifax plowed ahead with the sale.

89.     In the course and conduct of its business Equifax's sale of plaintiff's private consumer reports to NCUA, HSBC Bank NV FKA Hhlb, First Data Solutions, and HSBC Retail Services is an unlawful, unfair, fraudulent practice that further constitutes unfair business practice under Business and Professions Code Section 17200. Equifax made profit by selling plaintiff's credit reports to NCUA, HSBC Bank NV FKA Hhlb, First Data Solutions, and HSBC Retail Services. Equifax further made profit when it sold plaintiff's credit report for preapproved offer to Washington Mutual. Accordingly, plaintiff is entitled to disgorgement of any contribution to defendants' profit resulting from defendants' unlawful acts or failure to act.

FIRST AMENDED COMPLAINT

14

### THIRTEENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against National Credit Union Administration & Equifax)**

90.     The allegations set forth in paragraphs 1 through 89 are realleged and incorporated herein by reference, and plaintiff is informed and believes and on that basis alleges for a thirteenth cause of action as follows:

91.     Defendant had furnished defamatory statement to various credit reporting agency about plaintiff that her loan was one time sixty (60) days and two time thirty (30) late. Defamatory information contained in plaintiff's consumer files not only caused her inconvenience and emotional distress but it also forced her to settle for credit on less favorable terms. Thus, plaintiff suffered Actual Damages arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities. Defendant's actions were the cause of plaintiff's distress. The creditor does not report a delinquency in order to benefit the debtor; rather, such reports will always harm the debtor's credit reputation. Defendant intended to cause harm to plaintiff's credit rating and credit worthiness and it actually harmed.

92.     Defendant's conduct was extreme and outrageous because it was on notice since June 18, 1998 that plaintiff's account had been closed with it after being paid in full. However, Defendant repeatedly misrepresented to Equifax and Experian that the plaintiff's consumer report was required to review her existing account. As a result of Defendant's willful procurement of plaintiff's consumer report without permissible purpose from Experian and Equifax, plaintiff suffered mental anguish and frustration.

93.     As a direct proximate result of Defendant's surreptitious conduct, plaintiff had suffered deep humiliation, embarrassment, anguish, indignity, and anger along with serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs.

94.     Equifax's intentional intrusion upon the private affairs or concerns through the sale of confidential information to Credit Union, HSBC Bank NV FKA Hhlb, First Data Solutions, and HSBC Retail Services, Washington Mutual is also highly offensive to a reasonable person despite the fact; plaintiff's credit file was excluded permanently for all preapproved offer mailing lists.

15

**FIRST AMENDED COMPLAINT**

Plaintiff relied on Equifax's Agreement that it would protect her privacy concerning her consumer report as described in paragraphs 52 and 53.

95.     In the course and conduct if its business, former creditors represented to Equifax that the credit report was needed for "account review purposes. On the contrary, Equifax's own data showed that plaintiff's account was closed and paid in full and unavailable to her, rendering the stated reason implausible. Equifax's failure to comply with the FCRA when it sold the plaintiff's consumer report to Companies and its failure to otherwise comply with the FCRA was willful/negligent, as contemplated under 15 U.S.C. §§ 1681o of the FCRA. As a result of said conduct by Equifax, plaintiff has been damaged.

96.     As a direct proximate result of Equifax's intentional intrusion upon the private affairs or concerns through the sale of confidential information, plaintiff had suffered deep humiliation, embarrassment, anguish, indignity, and anger along with pecuniary harm.

## DAMAGES AND PENALTIES

WHEREFORE, Plaintiff respectfully requests a Judgment of this Court for each violation charged in the Complaint in her favor awarding her economic, compensatory, exemplary and punitive damages and all the relief as provided by law, attorney's fees if plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action;

1.     Defendants have willfully, repeatedly and knowingly violated plaintiff's rights afforded to her under the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act;

2.     Disgorgement of any contribution to profits resulting from Defendant's failure to comply with California Business & Professions Code Sections 17200 *et seq;*

3.     Defendants' conduct constitutes a wanton and gross disregard for the law. Plaintiff requests punitive damages in the amount to be proven at trial;

4.     Plaintiff hereby seeks a trial by jury of any and all claims properly cognizable thereby;

5.     Based on the foregoing, plaintiff requests the Court to enter judgment against Equifax in the amount of $150,000;

6.     Based on the foregoing, plaintiff requests the Court to enter judgment against NCUA in the amount of $150,000.

16

1        7.     Any and all other relief to which Plaintiff may be entitled, including the right to

2    amend this Complaint to add additional claims and/or additional parties after conducting

3    appropriate discovery.

4        8.     Award plaintiff any and all other relief the Court deems just and appropriate in light

5    of the evidence adduced at trial.

6

7                                         Respectfully Submitted;

8

9    Dated: January 5, 2009                By:     Kamlesh Banga

10                                            KAMLESH BANGA

11                                          Plaintiff in Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

17

# VERIFICATION

I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California that I am a plaintiff in the above-entitled action. I have read the First Amended Complaint and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 5, 2009 in the County of Solano

By: _____
KAMLESH BANGA
Plaintiff in Pro Per