THOMAS P. QUINN (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

       Plaintiff,

vs.

CAL STATE 9 CREDIT UNION; EQUIFAX
INFORMATION SERVICES, LLC; and Does
1 through 10 inclusive,

       Defendants.

Case No:  3:08-CV-03015 MMC

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal;

1

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

2   that will be applied when a party seeks permission from the court to file material under seal.

3   2. DEFINITIONS

4   2.1 Party: any party to this action, including all of its officers, directors, employees, consultants,

5   retained experts, and outside counsel (and their support staff).

6   2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or

7   manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

8   tangible things) that are produced or generated in disclosures or responses to discovery

9   in this matter.

10   2.3 "Confidential" Information or Items: information (regardless of how generated,

11   stored or maintained) or tangible things that qualify for protection under standards developed

12   under F.R.Civ.P. 26(c).

13   2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive

14   "Confidential Information or Items" whose disclosure to another Party or nonparty would create a

15   substantial risk of serious injury that could not be avoided by less restrictive means.

16   2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

17   Party.

18   2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery

19   Material in this action.

20   2.7. Designating Party: a Party or non-party that designates information or items

21   that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

22   Confidential — Attorneys' Eyes Only."

23   2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential"

24   or as "Highly Confidential – Attorneys' Eyes Only."

25   2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to

26   represent or advise a Party in this action.

27   2.10 House Counsel: attorneys who are employees of a Party.

28

2

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.:  3:08-CV-03015 MMC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support

2  staffs).

3  2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the

4  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

5  consultant in this action and who is not a past or a current employee of a Party or of a competitor

6  of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

7  or a competitor of a Party's. This definition includes a professional jury or trial consultant

8  retained in connection with this litigation.

9  2.13 Professional Vendors: persons or entities that provide litigation support services (e.g.,

10  photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

11  retrieving data in any form or medium; etc.) and their employees and subcontractors.

12  3. SCOPE

13  The protections conferred by this Stipulation and Order cover not only Protected Material (as

14  defined above), but also any information copied or extracted therefrom, as well as all copies,

15  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16  parties or counsel to or in court or in other settings that might reveal Protected Material.

17  4. DURATION

18  Even after the termination of this litigation, the confidentiality obligations imposed by this Order

19  shall remain in effect until a Designating Party agrees otherwise in writing or a court order

20  otherwise directs.

21  5. DESIGNATING PROTECTED MATERIAL

22  5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-

23  party that designates information or items for protection under this Order must take care to limit

24  any such designation to specific material that qualifies under the appropriate standards. A

25  Designating Party must take care to designate for protection only those parts of material,

26  documents, items, or oral or written communications that qualify – so that other portions of the

27  material, documents, items, or communications for which protection is not warranted are not

28  swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized

3

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  designations are prohibited. Designations that are shown to be clearly unjustified, or that have

2  been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

3  development process, or to impose unnecessary expenses and burdens on other parties), expose

4  the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that

5  information or items that it designated for protection do not qualify for protection at all, or do not

6  qualify for the level of protection initially asserted, that Party or non-party must promptly notify

7  all other parties that it is withdrawing the mistaken designation.

8  5.2 Manner and Timing of Designations. Except as otherwise provided in this Order

9  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

10  material that qualifies for protection under this Order must be clearly so designated before the

11  material is disclosed or produced.

12  Designation in conformity with this Order requires: (a) for information in documentary form

13  (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing

14  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY" at the top of each page that contains protected material. If only a portion or

16  portions of the material on a page qualifies for protection, the Producing Party also must clearly

17  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

18  specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). A Party or non-party that makes

20  original documents or materials available for inspection need not designate them for protection

21  until after the inspecting Party has indicated which material it would like copied and produced.

22  During the inspection and before the designation, all of the material made available for inspection

23  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

24  inspecting Party has identified the documents it wants copied and produced, the Producing Party

25  must determine which documents, or portions thereof, qualify for protection under this Order,

26  then, before producing the specified documents, the Producing Party must affix the appropriate

27  legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")

28  at the top of each page that contains Protected Material. If only a portion or portions of the

4

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
CASE NO.: 3:08-CV-03015 MMC

1   material on a page qualifies for protection, the Producing Party also must clearly identify the

2   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

3   each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5   (b) for testimony given in deposition or in other pretrial or trial proceedings,

6   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

7   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

8   any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

9   EYES ONLY." When it is impractical to identify separately each portion of testimony that is

10   entitled to protection, and when it appears that substantial portions of the testimony may qualify

11   for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

12   the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

13   identify the specific portions of the testimony as to which protection is sought and to specify the

14   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

16   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

17   Protective Order. Transcript pages containing Protected Material must be separately bound by

18   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

20   nonparty offering or sponsoring the witness or presenting the testimony.

21   (c) for information produced in some form other than documentary, and for

22   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

23   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

24   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

25   information or item warrant protection, the Producing Party, to the extent practicable, shall

26   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

27   Confidential – Attorneys' Eyes Only."

28   5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

5

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

under this Order for such material. If material is appropriately designated as "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

confidentiality designation must do so in good faith and must begin the process by conferring

directly (in voice to voice dialogue; other forms of communication are not sufficient) with

counsel for the Designating Party. In conferring, the challenging Party must explain the basis for

its belief that the confidentiality designation was not proper and must give the Designating Party

an opportunity to review the designated material, to reconsider the circumstances, and, if no

change in designation is offered, to explain the basis for the chosen designation. A challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet

and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality

designation after considering the justification offered by the Designating Party may file and serve

a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

that identifies the challenged material and sets forth in detail the basis for the challenge. Each

such motion must be accompanied by a competent declaration that affirms that the movant has

complied with the meet and confer requirements imposed in the preceding paragraph and that sets

forth with specificity the justification for the confidentiality designation that was given by the

6

1  Designating Party in the meet and confer dialogue.  The burden of persuasion in any such

2  challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all

3  parties shall continue to afford the material in question the level of protection to which it is

4  entitled under the Producing Party's designation.

5  7. ACCESS TO AND USE OF PROTECTED MATERIAL

6  7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

7  or produced by another Party or by a non-party in connection with this case only for prosecuting,

8  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

9  the categories of persons and under the conditions described in this Order. When the litigation has

10 been terminated, a Receiving Party must comply with the provisions of section 11, below

11 (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving

12 Party at a location and in a secure manner that ensures that access is limited to the persons

13 authorized under this Order.

14 7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

15 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

16 disclose any information or item designated CONFIDENTIAL only to:

17 (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said

18 Counsel to whom it is reasonably necessary to disclose the information for this litigation and who

19 have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

20 A;

21 (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

22 whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

23 to Be Bound by Protective Order" (Exhibit A);

24 (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

25 necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

26 Order" (Exhibit A);

27 (d) the Court and its personnel;

28

7

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

2  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

3  Order" (Exhibit A);

4  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

5  and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of

6  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

7  separately bound by the court reporter and may not be disclosed to anyone except as permitted

8  under this Stipulated Protective Order.

9  (g) the author of the document or the original source of the information.

10  7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

12  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14  (a) the Receiving Party's Outside Counsel of record in this action, as well as

15  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

16  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

17  hereto as Exhibit A;

18  (b) the Court and its personnel;

19  (c) court reporters, their staffs, and professional vendors to whom disclosure is

20  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21  Protective Order" (Exhibit A); and

22  (d) the author of the document or the original source of the information.

23  8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24  LITIGATION.

25  If a Receiving Party is served with a subpoena or an order issued in other litigation that would

26  compel disclosure of any information or items designated in this action as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

28

8

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

2  and in no event more than three court days after receiving the subpoena or order. Such

3  notification must include a copy of the subpoena or court order.  The Receiving Party also must

4  immediately inform in writing the Party who caused the subpoena or order to issue in the other

5  litigation that some or all the material covered by the subpoena or order is the subject of this

6  Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated

7  Protective Order promptly to the Party in the other action that caused the subpoena or order to

8  issue.  The purpose of imposing these duties is to alert the interested parties to the existence

9  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

10  protect its confidentiality interests in the court from which the subpoena or order issued. The

11  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

12  its confidential material – and nothing in these provisions should be construed as authorizing or

13  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14  9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16  Material to any person or in any circumstance not authorized under this Stipulated Protective

17  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

19  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

20  this Order, and (d) request such person or persons to execute the "Acknowledgment and

21  Agreement to Be Bound" that is attached hereto as Exhibit A.

22  10. FILING PROTECTED MATERIAL. Without written permission from the Designating

23  Party or a court order secured after appropriate notice to all interested persons, a Party may not

24  file in the public record in this action any Protected Material. A Party that seeks to file under seal

25  any Protected Material must comply with Civil Local Rule 79-5.

26  11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

27  Party, within sixty days after the final termination of this action, each Receiving Party must return

28  all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

9

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

2   capturing any of the Protected Material. With permission in writing from the Designating Party,

3   the Receiving Party may destroy some or all of the Protected Material instead of returning it.

4   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

5   written certification to the Producing Party (and, if not the same person or entity, to the

6   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

7   the Protected Material that was returned or destroyed and that affirms that the Receiving Party

8   has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

9   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

10   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

11   correspondence or attorney work product, even if such materials contain Protected Material. Any

12   such archival copies that contain or constitute Protected Material remain subject to this Protective

13   Order as set forth in Section 4 (DURATION), above.

14   12. MISCELLANEOUS

15   12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

16   to seek its modification by the Court in the future.

17   12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

18   Party waives any right it otherwise would have to object to disclosing or producing any

19   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

20   Party waives any right to object on any ground to use in evidence of any of the material covered

21   by this Protective Order.

22   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23   DATED: _____   _____

24   Attorneys for Plaintiff

25   DATED: _5/4/2009_____   _____

26   Attorneys for Defendant Equifax Information Services LLC

27   DATED: _____   _____

28   Attorneys for Defendant Cal State 9 Credit Union

                                                    10

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

2  capturing any of the Protected Material. With permission in writing from the Designating Party,

3  the Receiving Party may destroy some or all of the Protected Material instead of returning it.

4  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

5  written certification to the Producing Party (and, if not the same person or entity, to the

6  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

7  the Protected Material that was returned or destroyed and that affirms that the Receiving Party

8  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

9  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

10 retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

11 correspondence or attorney work product, even if such materials contain Protected Material. Any

12 such archival copies that contain or constitute Protected Material remain subject to this Protective

13 Order as set forth in Section 4 (DURATION), above.

14 12. MISCELLANEOUS

15 12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

16 to seek its modification by the Court in the future.

17 12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

18 Party waives any right it otherwise would have to object to disclosing or producing any

19 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

20 Party waives any right to object on any ground to use in evidence of any of the material covered

21 by this Protective Order.

22 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23 DATED: _____ Kamlesh Bangar _____

24 Attorneys for Plaintiff

25 DATED: _____ 4/21/09 _____

26 Attorneys for Defendant Equifax Information Services LLC

27 DATED: _____

28 Attorneys for Defendant Cal State 9 Credit Union

1    includes all copies, abstracts, compilations, summaries or any other form of reproducing or

2    capturing any of the Protected Material. With permission in writing from the Designating Party,

3    the Receiving Party may destroy some or all of the Protected Material instead of returning it.

4    Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

5    written certification to the Producing Party (and, if not the same person or entity, to the

6    Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

7    the Protected Material that was returned or destroyed and that affirms that the Receiving Party

8    has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

9    capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

10   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

11   correspondence or attorney work product, even if such materials contain Protected Material. Any

12   such archival copies that contain or constitute Protected Material remain subject to this Protective

13   Order as set forth in Section 4 (DURATION), above.

14   12. MISCELLANEOUS

15   12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

16   to seek its modification by the Court in the future.

17   12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

18   Party waives any right it otherwise would have to object to disclosing or producing any

19   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

20   Party waives any right to object on any ground to use in evidence of any of the material covered

21   by this Protective Order.

22   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23   DATED: _____    _____

24   Attorneys for Plaintiff

25   DATED: _____    _____

26   Attorneys for Defendant Equifax Information Services LLC

27   DATED: _____    _____

28   Attorneys for Defendant Cal State 9 Credit Union

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  DATED: ___May 8, 2009_____          *Maxine M. Chesney*

3  [The Honorable Maxine M. Chesney]

4  United States District/~~Magistrate~~ Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
CASE NO.:  3:08-CV-03015 MMC

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____ [print

4

or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on [date] in the case of *Kamlesh Banga v. Equifax Information*

7

*Services LLC, et al.*, Case No. 3:08-CV-03015 MMC. I agree to comply with and to be bound by

8

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

9

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10

promise that I will not disclose in any manner any information or item that is subject to this

11

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12

of this Order.  I further agree to submit to the jurisdiction of the United States District Court for

13

the Northern District of California for the purpose of enforcing the terms of this Stipulated

14

Protective Order, even if such enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone

17

number] as my California agent for service of process in connection with this action or any

18

proceedings related to enforcement of this Stipulated Protective Order.

19

Date: _____

20

City and State where sworn and signed: _____

21

Printed name: _____

22

[printed name]

23

Signature: _____

24

[signature]

25

26

27

28

12

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: 3:08-CV-03015 MMC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055