**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KAMLESH BANGA,                    No. C-08-3015 MMC

12              Plaintiff,             **ORDER GRANTING EQUIFAX'S**
                                       **MOTION FOR SUMMARY JUDGMENT;**
13      v.                             **GRANTING NCUA'S MOTION FOR**
                                       **PARTIAL SUMMARY JUDGMENT;**
14   NATIONAL CREDIT UNION             **DENYING PLAINTIFF'S MOTION FOR**
     ADMINISTRATION, EQUIFAX           **LEAVE TO AMEND; DENYING**
15   INFORMATION SERVICES, LLC,        **EQUIFAX'S MOTION FOR**
                                       **CONTINUANCE OF TRIAL**
16              Defendants.
     _____/
17

18        Before the Court are four motions: (1) defendant Equifax Information Services LLC's

19   ("Equifax") Motion for Summary Judgment, filed July 17, 2009;[1] (2) defendant National

20   Credit Union Administration Board's ("NCUA") Motion for Summary Judgment, filed July 17,

21   2009; (3) plaintiff Kamlesh Banga's Motion for Leave to File Second Amended Complaint,

22   filed August 14, 2009; and (4) Equifax's Motion for Continuance of Trial, filed August 21,

23   2009.  An opposition and reply have been filed as to each such motion,[2] with the exception

24   _____

25        [1] In her opposition to Equifax's motion, plaintiff states "summary judgment should be
     entered in favor of plaintiff."  (Pl. Opp. to Equifax Mot. for Summ. J. 1:22-23.)  To the extent
26   plaintiff, by such statement, seeks to assert a cross-motion for summary judgment, such
     motion is DENIED for failure to comply with Rule 56(c) of the Federal Rules of Civil
27   Procedure and Rule 7-2 of the Civil Local Rules of this District.

28        [2] Additionally, with respect to Equifax's Motion for Summary Judgment, plaintiff, with
     the Court's approval, has filed a sur-reply.  In response thereto, Equifax has filed a "Motion
     for Administrative Relief Concerning Plaintiff's Sur-Reply in Opposition to Equifax's Motion

1   of Equifax's Motion for Continuance, to which no opposition has been filed.  By Orders

2   dated September 16, 2009 and September 18, 2009, respectively, all hearing dates on the

3   above-referenced motions have been vacated.  Having read and considered the papers

4   filed in support of and opposition to said motions, the Court rules as follows.

5                                          **BACKGROUND**

6           In her First Amended Complaint ("FAC"), plaintiff alleges, as against defendant

7   Equifax, such defendant furnished her credit report to multiple companies not entitled

8   thereto, and by doing so violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

9   ("FCRA" or "the Act"), as well as California's Unfair Competition Law, Cal. Bus. and Prof.

10  Code § 17200 et seq. ("UCL"), and committed the common law tort of intentional infliction

11  of emotional distress.

12          Against defendant NCUA, as liquidating agent for Cal State 9 Credit Union ("Cal

13  State"),[3] plaintiff alleges, in her FAC, that Cal State provided inaccurate information to

14  reporting agencies, failed to provide proper notice of such to plaintiff, and obtained copies

15  of her credit report for an improper purpose, which actions, plaintiff alleges, constituted

16  violations of FCRA, California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §

17  1785.1 et seq. ("CCRAA"), and the UCL, as well as intentional infliction of emotional

18  distress, defamation, and "tortious interference with credit expectancy."

19                                          **DISCUSSION**

20  **A.      Defendants' Motions for Summary Judgment**

21          **1.      Legal Standard**

22          Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant

23  summary judgment "if the pleadings, the discovery and disclosure materials on file, and any

24  _____

25  for Summary Judgment."  No opposition to Equifax's motion has been filed and, good
    cause appearing, the motion is hereby GRANTED.
26

27          [3] After Cal State went into liquidation, NCUA was appointed liquidating agent
    pursuant to the provisions of 12 U.S.C. § 1787(a)(3) and thereafter was substituted for Cal
28  State as a party-defendant in this matter.  (Order Granting Amended Mot. to Substitute
    Party, Sept. 29, 2008.)

1  affidavits show that there is no genuine issue as to any material fact and that the movant is

2  entitled to judgment as a matter of law."  <u>See</u> Fed. R. Civ. P. 56(c).

3        The Supreme Court's 1986 "trilogy" of <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986),

4  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Electric Industrial Co.</u>

5  <u>v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986), requires that a party seeking summary

6  judgment show the absence of a genuine issue of material fact.  Once the moving party

7  has done so, the nonmoving party must "go beyond the pleadings and by [its] own

8  affidavits, or by the depositions, answers to interrogatories, and admissions on file,

9  designate specific facts showing that there is a genuine issue for trial."  <u>See</u> <u>Celotex</u>, 477

10  U.S. at 324 (internal quotation and citation omitted).  "When the moving party has carried

11  its burden under Rule 56(c), its opponent must do more than simply show that there is

12  some metaphysical doubt as to the material facts."  <u>Matsushita</u>, 475 U.S. at 586.  "If the

13  [opposing party's] evidence is merely colorable, or is not significantly probative, summary

14  judgment may be granted."  <u>Liberty Lobby</u>, 477 U.S. at 249-50 (citations omitted).

15  "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light

16  most favorable to the party opposing the motion."  <u>See</u> <u>Matsushita</u>, 475 U.S. at 587

17  (internal quotation and citation omitted).[4]

18        **2.**      **Equifax's Motion for Summary Judgment**

19        Plaintiff's claims against Equifax are set forth in the Seventh through Thirteenth

20  Causes of Action.  Equifax moves for summary judgment on each of such claims.

21        **a.**      **Seventh Cause of Action**

22        In her Seventh Cause of Action, plaintiff alleges Equifax willfully[5]  violated FCRA by

23

24       [4] In connection with the instant motions, various objections to the evidence have
been made.  To the extent the Court has relied herein on any such evidence, the objections

25  thereto are overruled.  To the extent the Court has not relied on such evidence, the Court
does not reach any objection made thereto.

26       [5] Although FCRA also provides for a cause of action based on a negligent violation,

27  such cause of action requires a showing of actual damages.  <u>See</u> 15 U.S.C. § 1681o
(providing for recovery of actual damages based on negligent FCRA violation).  Here, to the

28  extent the FAC can be read to include a cause of action for negligent violation of FCRA
with respect to any allegations against Equifax, plaintiff, in her opposition, has disclaimed

1   furnishing her credit report to Cal State, see 15 U.S.C. §§ 1681b, 1681n, and 1681e.[6]

2   "FCRA permits [credit reporting] agencies to furnish credit reports only for 'certain

3   statutorily enumerated purposes.' " Pintos v. Pacific Creditors Assoc., 565 F.3d 1106, 1111

4   (9th Cir. 2009).[7]  Under FCRA, "any consumer reporting agency may furnish a consumer

5   report . . . [t]o a person which it has reason to believe intends to use the information in

6   connection with a . . . review or collection of an account of the consumer." See 15 U.S.C. §

7   1681b(a)(3)(A).

8          Here, it is undisputed that plaintiff previously had an account with Cal State (Banks

9   Decl. Ex. G at 47:23-25 (Deposition of Kamlesh Banga)).  Equifax argues that Section

10  1681b(a)(3)(A) permits disclosure of credit information for review of a closed account.  A

11  credit reporting agency does not willfully violate FCRA where its interpretation of FCRA was

12  "objectively reasonable." Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57, 69-70

13  (2007).  Although the Ninth Circuit has yet to address the permissibility of furnishing a credit

14  _____

15  any reliance thereon. (See Pl.'s Opp. to Equifax's Mot. Summ. J. at 11:11-13:14.)  Even if
    plaintiff had not chosen to forego a FCRA negligence claim, however, any such claim would
16  fail, as plaintiff has not submitted evidence of actual damages, and, indeed, has stated she
    cannot do so. (Id. at 11:19-20; see also Banks Decl. ¶ 16 ("Equifax's records reflect that
17  Plaintiff has not been charged for any copy of her credit file in the two years prior to the
    time the complaint was filed.").)

18          [6] Although FCRA requires "[e]very consumer reporting agency [to] maintain
19  reasonable procedures . . . to limit the furnishing of consumer reports to the purposes listed
    under section 1681b," (see 15 U.S.C. § 1681e(a)), to the extent plaintiff, in any of her
20  causes of action under FCRA, seeks additionally to allege a claim for failure to maintain
    reasonable procedures to comply with FCRA, Equifax is entitled to summary judgment on
21  such claim.  Equifax has submitted undisputed evidence that, as a matter of practice, it
    endeavors to comply with FCRA in all respects, and, in particular, that its general practice
22  is to conduct on-site visits at companies that subscribe to receive credit reports and to
    require such companies, including Cal State, to sign a subscriber agreement certifying that
23  the subscribing company will comply with FCRA. (See Banks Decl. ¶¶ 5-6, Ex. B; Ballone
    Decl. ¶ 2, Ex. A; see also Banks Decl. ¶ 14 (stating Equifax had no reason to believe any of
24  the subscribing companies identified in plaintiff's FAC "would request an account review or
    any other information concerning [p]laintiff without a permissible purpose for doing so").)
25  Plaintiff has submitted no evidence of a failure to maintain reasonable procedures, let alone
    any evidence contrary to that submitted by Equifax.  See Pintos v. Pacific Creditors Assoc.,
26  565 F.3d 1106, 1114-1115 & 1115 n.3 (9th Cir. 2009) (identifying factors demonstrating
    compliance with Section 1681e(a)).

27          [7]  It is undisputed that Equifax is a "credit reporting agency" within the meaning of
28  FCRA (see Banks Decl. ¶ 3).  See 15 U.S.C. § 1681a(f) (defining "consumer reporting
    agency" for purposes of FCRA).

4

1    report in connection with a closed account, other circuits have found such disclosure

2    reflects a reasonable interpretation of the statute and thus does not constitute a willful

3    violation of FCRA.  See Levine v. World Fin. Network Nat'l Bank, 554 F.3d 1314, 1318-

4    1319 (11th Cir. 2009) (holding it is not objectively unreasonable to interpret FCRA as

5    permitting furnishing of consumer report to holder of closed account; noting, "we cannot

6    say that the term 'account' necessarily means 'an open account,' . . . . [n]or have judicial

7    opinions established that the Act forbids the sale of reports for consumers whose accounts

8    are closed"); see also Wilting v. Progressive County Mutual Ins. Co., 227 F.3d 474, 476

9    (5th Cir. 2000) (finding no willful violation; noting "neither the Act nor the FTC's commentary

10   on the Act suggests that a report may only be permissibly obtained during particular points

11   in the parties' relationship")).  This Court agrees with the reasoning set forth in those

12   opinions and, consequently, finds plaintiff has failed to raise a triable issue with respect to

13   her claim that Equifax willfully violated the Act by releasing her credit report to Cal State.

14          Accordingly, Equifax is entitled to summary judgment on this claim.

15                 **b.     Eighth Cause of Action**

16          In her Eighth Cause of Action, plaintiff alleges Equifax willfully violated FCRA by

17   furnishing a credit report to Washington Mutual for promotional purposes on June 7, 2007,

18   after she had submitted a written request to Equifax to be excluded from all promotional

19   and pre-approved credit offers.  Equifax, however, has offered undisputed evidence that

20   the subject report furnished to Washington Mutual was not for promotional purposes but

21   rather for the purpose of affording the bank an opportunity to review the account as part of

22   a portfolio it was purchasing[8] (see Banks Decl. ¶ 18.), a permissible purpose under the Act,

23   see 15 U.S.C. § 1681b(a)(3)(E).[9]

24   _____

25          [8] Indeed, plaintiff's own evidence is consistent with that submitted by Equifax.  (See
     Banga Decl. Ex. C. (Ex. A thereto) (describing "PR" in plaintiff's copy of report as "a creditor
26   reviewed your account as part of a portfolio they are purchasing.")

27          [9] Plaintiff, in apparent recognition thereof, directs her argument to other asserted
     instances of promotional inquires.  (Pl. Opp. to Equifax's Mot. Summ. J. 4:6-5:13.)  Such
28   asserted violations are not encompassed in the FAC, however, and accordingly are
     addressed infra in the context of plaintiff's motion to amend.

1  Accordingly, Equifax is entitled to summary judgment on this claim.

2  **c.  Ninth Cause of Action**

3  In her Ninth Cause of Action, plaintiff alleges Equifax willfully violated FCRA by

4  furnishing her consumer report to HSBC Bank.  (See Banks Decl. ¶ 14, Ex. D, Ex. G at

5  49:6-8).  Equifax, however, has submitted undisputed evidence that the report was

6  furnished in connection with a review of an account plaintiff maintained with HSBC Bank at

7  that time.  (See Ballone Decl. ¶ 5, Ex. B).  FCRA permits disclosure of a consumer's credit

8  report for such an account review.  See 15 U.S.C. § 1681b(a)(3)(A).

9  Accordingly, Equifax is entitled to summary judgment on this claim.

10  **d.  Tenth Cause of Action**

11  In her Tenth Cause of Action, plaintiff alleges Equifax willfully violated FCRA by

12  furnishing her credit report to First Data Solutions.  Equifax has offered undisputed

13  evidence that it released only plaintiff's identifying information, and not credit information, to

14  First Data Solutions.  (Ballone Decl. ¶ 7.)  Such identifying information is not, for purposes

15  of FCRA, a "consumer report" and thus is not subject to the provisions therein.  See 15

16  U.S.C. § 1681a(d)(1) (defining "consumer report" for purposes of FCRA).

17  Accordingly, Equifax is entitled to summary judgment on this claim.

18  **e.  Eleventh Cause of Action**

19  In her Eleventh Cause of Action, plaintiff alleges Equifax willfully violated FCRA by

20  furnishing her credit report to HSBC Retail Services, an entity with which plaintiff, in her

21  opposition, states she has never had an account.  It is undisputed that plaintiff maintained

22  an open account with HSBC Neiman Marcus at the time Equifax furnished her credit report

23  to HSBC Retail Services.  (See Banga Decl. in Support of Sur-Reply ¶ 4; Ballone Decl. ¶ 6,

24  Ex. C.)  In support of its reply, Equifax has offered evidence that the report was furnished

25  for purposes of review of the HSBC Neiman Marcus account,[10] (see Ballone Decl. ¶ 6), a

26

27  [10] In that regard, Equifax has submitted undisputed evidence that the two entities are
encompassed in a single subscriber agreement that covers HSBC and each of its

28  subsidiaries.  That agreement states, "HSBC Affiliates will order on their own behalf, or as
an agent on behalf of an Associate Company, Information Services that are consumer

6

1   permissible disclosure under FCRA, see 15 U.S.C. § 1681b(a)(3)(A).  Although plaintiff

2   argues, based on entries in her credit reports, that such entities have made separate

3   requests for her credit information, (Banga Decl. in Support of Sur-Reply ¶¶ 4-7, Exs. A-C.),

4   Equifax has submitted undisputed evidence that the HSBC Neiman Marcus entries on

5   which plaintiff relies were not requests for reports from Equifax but rather internal reviews

6   conducted by HSBC Neiman Marcus of its own records, and that the only request of

7   Equifax was made by HSBC Retail Services.  (See Banks Decl. attached to Equifax's Mot.

8   Admin. Relief ¶ 2.)  Given the undisputed evidence submitted by Equifax, plaintiff has failed

9   to raise a triable issue with respect to her claim that Equifax violated FCRA by furnishing

10  her credit report to HSBC Retail Services.

11          Accordingly, Equifax is entitled to summary judgment on this claim.

12                    **f.        Twelfth Cause of Action**

13          In her Twelfth Cause of Action, plaintiff alleges entitlement to "disgorgement of

14  profits" under the UCL (see FAC at 13:21-22).  "The UCL limits the remedies available for

15  UCL violations to restitution and injunctive relief . . . ."  Madrid v. Perot Systems Corp., 130

16  Cal. App. 4th 440,  452 (2005).  "In the context of the UCL, 'restitution' is meant to restore

17  the status quo by returning to the plaintiff funds in which he or she has an ownership

18  interest, and is so limited."  See In re First Alliance Mortg. Co., 471 F.3d 977, 996 (9th Cir.

19  2006).  Here, plaintiff has not offered evidence that she has an ownership interest in any of

20  the funds she seeks to recover herein.[11]

21          Accordingly, Equifax is entitled to summary judgment on this count.

22                    **g.        Thirteenth Cause of Action**

23          In her Thirteenth Cause of Action, plaintiff alleges a claim for intentional infliction of

24

25  reports, as defined by the FCRA only when the HSBC Affiliate or the Associate Company
    intends to use the consumer report . . . in connection with . . . review or collection of an
26  account . . . . " (Ballone Decl. ¶ 6, Ex. C (emphasis added).)

27          [11] Indeed, plaintiff now appears to concede that she has not lost any money in
    connection with any the incidents alleged herein.  (See Pl.'s Opp. to Equifax's Mot. Summ.
28  J. 11:11-13:14.)

1    emotional distress based on Equifax's furnishing of her credit report in the manner

2    discussed above.   "The elements of a prima facie case for the tort of intentional infliction of

3    emotional distress are: (1) extreme and outrageous conduct by the defendant with the

4    intention of causing, or reckless disregard of the probability of causing, emotional distress;

5    (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and

6    proximate causation of the emotional distress by the defendant's outrageous conduct."

7    See Cervantez v. J. C. Penney Co., 24 Cal.3d 579, 593 (1979), superseded by statute on

8    other grounds.  Equifax, relying on plaintiff's discovery responses, argues plaintiff has no

9    evidence tending to support a finding in her favor with respect to any such elements.  (See,

10   e.g., Banks Decl. Ex. G (Plaintiff's Dep.) at 72:15-24.)  In her opposition, plaintiff offers no

11   argument, let alone evidence, in response thereto.  Moreover, plaintiff's claim is wholly

12   derivative of her other claims, which, as discussed above, are subject to summary

13   judgment.

14          Accordingly, Equifax is entitled to summary judgment on this claim.

15          **3.      NCUA's Motion for Partial Summary Judgment**[12]

16          Plaintiff's claims against NCUA are set forth in the First through Seventh as well as

17   the Twelfth and Thirteenth Causes of Action.  Plaintiff alleges therein that various incidents

18   of negative credit reporting and accessing of credit information by Cal State constituted

19   both willful and negligent violations of FCRA, CCRAA, and the UCL, as well as defamation,

20   tortious interference with credit expectancy, and intentional infliction of emotional distress.

21   NCUA, as liquidating agent for Cal State, argues it is entitled to summary judgment on all

22   such statutory and common law causes of action other than one claim, set forth as part of

23   the Sixth Cause of Action, in which plaintiff alleges a claim for negligent access of credit

24   information in December 2006.

25          At the outset, NCUA argues that all of the claims on which it moves for summary

26

27          [12] Although NCUA titles its motion as one for "summary judgment," NCUA, in its
     notice of motion, states it is moving for "an order for partial summary judgment," and, as
28   described below, the motion is indeed more properly characterized as such.  (See NCUA's
     Notice of Motion at 1:6; Mot. Summ. J. 5:2-4.)

1 judgment, with the exception of a single willful violation alleged to have been committed in

2 December 2006, are barred by the doctrine of collateral estoppel and by a settlement and

3 release of claims entered August 18, 2006 in <u>Banga v. Cal State 9 Credit Union</u>, Superior

4 Court Contra Costa County Case Number C-03-03227 (<u>see</u> Ragones Decl. Ex. A; NCUA's

5 Req. Judicial Not. Exs. 1-5).[13]  Plaintiff does not dispute that such claims are identical to

6 those resolved in the above-referenced state action; rather, plaintiff argues the settlement

7 was coerced.[14]  (<u>See</u> Pl.'s Response to NCUA's Sep. State. at 2-3; Pl.'s Opp. at 4:18-5:10.)

8 Plaintiff, however, cites no authority holding the subject settlement can be collaterally

9 challenged in such fashion, and in any event, plaintiff has failed to submit any evidence

10 sufficient to show the settlement was anything other than knowing and voluntary.

11        Accordingly, plaintiff's claims against NCUA as set forth in the First, Second, Third,

12 Fourth, Twelfth, and Thirteenth Causes of Action are barred in their entirety, and as set

13 forth in the Fifth and Sixth Causes of Action, are barred other than to the extent they allege

14 a violation in December 2006.

15        NCUA next argues it is entitled to judgment on the remainder of plaintiff's Fifth

16 Cause of Action, specifically, an alleged willful violation of FCRA and CCRAA based on Cal

17 State's December 2006 request for plaintiff's credit report for review of a closed account.

18 The Court, for the reasons discussed above with respect to the Seventh Cause of Action,

19 agrees.  <u>See</u> <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1335 (9th Cir. 1995)

20

21        [13] NCUA's Request for Judicial Notice of five court documents in said case is
22 granted.  <u>See</u> Fed. R. Evid. 201(b).

23        [14] In her opposition, plaintiff also contends she is not bound by the prior settlement in
the state court case because Cal State breached the terms of the settlement by requesting
24 her credit report after execution of the settlement. (Pl.'s Opp. at 3:7-28.)  Plaintiff offers no
authority that the subject settlement may be set aside based on such an asserted violation,
25 and in any event, plaintiff concedes that counsel for Cal State had stated on the record in
the state court proceedings that Cal State would not agree to any settlement provision
26 requiring it to refrain from obtaining her credit information in the future.  (<u>See</u> Pl.'s
Response to NCUA's Sep. State. at 2:5-10; <u>see also</u> Ragones Decl. Ex. A (Release and
27 Settlement Agreement stating that "aside from the payment of . . . $5,000, Cal State 9
Credit Union shall have **no** other obligation as part of this Agreement" (emphasis in
28 original)).)  The undisputed evidence thus shows the settlement agreement did not prohibit
Cal State from obtaining plaintiff's credit information after the settlement.

9

1  ("The CCRAA mirrors the provisions of the FCRA.").

2      Accordingly, NCUA is entitled to summary judgment on the entirety of the Fifth

3  Cause of Action.

4  **B.    Plaintiff's Motion for Leave to File a Second Amended Complaint**

5      As discussed above, plaintiff's First Amended Complaint includes a single claim that

6  Equifax impermissibly released her credit report for promotional purposes, a claim the

7  Court has found subject to summary judgment in favor of Equifax.  By her motion, plaintiff

8  seeks leave to amend to allege more than eighty (80) additional asserted instances of

9  promotional inquiries, spanning a period of four years.  Equifax and NCUA oppose the

10 motion on grounds the request is untimely and would be highly prejudicial to defendants,

11 and that such amendment, in any event, would be futile.

12     On a motion for leave to amend the complaint, a district court "should freely give

13 leave when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  In determining whether

14 leave to amend is appropriate, "four factors are commonly used," specifically, "bad faith,

15 undue delay, prejudice to the opposing party, and futility of amendment."  See DCD

16 Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  The factors, however, "are

17 not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend."

18 See id.  Additionally, "it is the consideration of prejudice to the opposing party that carries

19 the greatest weight."  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052

20 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 ("The party opposing amendment

21 bears the burden of showing prejudice.").

22     Here, the Court finds the proposed amendment would be highly prejudicial to

23 defendants.  Pursuant to the Court's September 29, 2008 Pretrial Preparation Order, the

24 deadline for filing a motion to amend was November 14, 2008,[15]  fact discovery closed May

25

26     [15] The Court finds plaintiff has failed to make a showing of good cause to deviate
    from the scheduled deadline.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
27  608-09 (9th Cir. 1992) (holding, where motion for leave to amend is made after deadline for
    amendment of pleadings, movant must show "good cause" for modifying Court's scheduling
28  order under Rule 16(b); noting "good cause" standard "primarily considers the diligence of
    the party seeking the amendment").

10

1   8, 2009, and trial is scheduled to begin October 19, 2009.  At the time plaintiff filed her

2   motion, the parties had relied on this schedule for close to a year.  Were plaintiff to expand

3   the scope of the case in the manner proposed, specifically by the addition of numerous

4   allegations unrelated by time, place, or subject to any claim remaining herein, such

5   amendment would require, essentially at the eleventh hour, the reopening of discovery and

6   a significant continuance of the trial date.  Where "the schedule laid out by the court months

7   in advance, and understood by the parties, would have to [be] altered[,] . . . . [d]isruption to

8   the schedule of the court and other parties in [such] manner is not harmless."  <u>Wong v.</u>

9   <u>Regents of the Univ. of Cal.</u>, 410 F.3d 1052, 1062 (9th Cir. 2005).  <u>See</u> <u>Morongo Band of</u>

10  <u>Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to

11  amend where, inter alia, "[t]he new claims set forth in the amended complaint would have

12  greatly altered the nature of the litigation and would have required defendants to have

13  undertaken, at a late hour, an entirely new course of defense").[16]

14      Accordingly, plaintiff's motion will be denied without prejudice to her filing a new

15  complaint containing the proposed allegations.

16  **C.    Equifax's Motion to Continue Trial Date**

17      Equifax's Motion for Continuance of Trial is founded entirely on the premise that

18  Equifax cannot properly prepare for the upcoming trial while defendants' motions for

19  summary judgment and plaintiff's motion for leave to amend remain pending.  By the

20  instant Order, those motions are no longer pending.  Equifax has prevailed on all claims

21  against it, and the scope of the issues remaining as to NCUA has been substantially

22  narrowed.  Under such circumstances, the motion will be denied.

23                              **CONCLUSION**

24      For the reasons discussed above:

25      1. Equifax's Motion for Summary Judgment is hereby GRANTED.

26      2. NCUA's Motion for (Partial) Summary Judgment is hereby GRANTED.

27  ────────────────

28          [16] In light of the above findings, the Court does not address herein defendants'
    argument that the proposed amendment is futile.

11

3. Plaintiff's Motion for Leave to File Second Amended Complaint is hereby DENIED.

4. Equifax's Motion for Continuance of Trial is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  October 6, 2009

MAXINE M. CHESNEY
United States District Judge